JOSEPH O'MEARA, Respondent, v. JAMES GREEN, Appellant.

June 24, 1884.

1. SPECIAL TAXES — STREETS — REPAIRS — CONSTRUCTION.—Abutting property owners who constructed streets before the extension of the limits of the city of St. Louis are not liable for the repairs of such streets after the city limits are extended to include them, on the theory that such repairs constitute a construction of the streets.

2. —— Special tax bills issued for such work and which designate the work as construction work, are not conclusive as to the character of the work for which they were issued.

3. —— In a suit on a special tax bill, the question as to whether the work done was that usually done by the city under the head of repairs, or was wholly or in part an original construction of the street, is for the jury.

4. —— Under the charter of the city of St. Louis, the cost of the construction of streets is chargeable against abutting property holders, and the cost of repairing the streets must be paid by the city.

APPEAL from the St. Louis Circuit Court, LUBKE, J.
*Reversed and remanded.*
DYER, LEE AND ELLIS, for the appellant.
EBER PEACOCK, for the respondent.

THOMPSON, J., delivered the opinion of the court.
This was an action on a special tax bill. The plaintiff had a judgment, and the defendant has appealed to this

court. The work was done under an ordinance for improving Washington Avenue from the old city limits to Vandeventer Avenue. The old city limits lay two hundred feet west of Grand Avenue. Prior to the adoption of the scheme and charter the entire portion of Washington Avenue embraced in this improvement lay outside the limits of the city. The property owners, of whom this defendant was one, had, at their own expense, improved Washington Avenue for a distance of four hundred and fifty feet west of the then city limits, by constructing the street and sidewalks in all respects the same as other streets in the city of St. Louis as then and now constructed, and on the same grade as that portion of Washington Avenue is now constructed, with the exception that the brick sidewalk was not continuous in all places. After the city, by the adoption of the scheme and charter, acquired jurisdiction over this territory, it several times repaired this street at its own expense. In executing the ordinance under which the street improvement in question was now made, the assistant city engineer found it necessary to do little more than put down a top dressing of sand and gravel upon this four hundred and fifty feet and piece out the brick sidewalk where it was not continuous. The evidence was somewhat conflicting as to the character and amount of work done throughout this four hundred and fifty feet; but it was clear that nothing was done in front of the plaintiff's lot beyond the putting down of a little top dressing of sand and gravel and rolling it. The president of the board of public improvements, in making out tax bills for the work done on this four hundred and fifty feet, appears to have acted upon the principle of giving the property owners credit for what they had done in constructing the street at their own expense, and of charging them with the additional work, which it had been found, or thought necessary, to do in order to make that portion of the street of the same standard as the portion

westward of it to Vandeventer Avenue, newly constructed under the ordinance.    By the charter of the city the cost of constructing streets is chargeable against abutting property owners, and the cost of repairing them is chargeable against the city.    The power of a municipal corporation must be exercised reasonably, and if four hundred and fifty feet of Washington Avenue had, prior to the time when the city had acquired jurisdiction over it, been already constructed by the property owners in substantially the same manner as the street had been constructed to the east of it, and as it was now proposed to construct it to the west of it, a reasonable exercise of those powers would have required that this constructed section of the street be accepted from the property owners, and that the cost of repairing it be charged against the city, and not against them.    If, however, what the property holders had done was no more than a partial or incomplete construction, the city had power to complete the construction of the same at their expense, so as to make that portion of the street uniform with the other portions of it.

Ministerial officers of municipal corporations in executing corporate ordinances, are equally bound to act reasonably.    If the city's officer in this case had torn up all that had been done on this section of Washington Avenue and thrown the material away and reconstructed the street with the materials required by the ordinance, which were substantially the same materials as those which had been put down by the property owners, he would have acted within the letter of the ordinance; but he would have acted unreasonably and oppressively, and it can not be doubted that the courts would not have sanctioned this oppressive action by allowing the entire charge of making a new street to be imposed upon the property owners.    In giving credit to the property owners for what they had done in constructing the street the action of the city's officer in this case was reasonable and commendable, but whether

it was competent for him to make out special tax bills against the adjoining property owners for the additional work which had been done must depend upon a decision of the question whether this additional work was *construction* or *repairs*. If it was construction, it was chargeable against the adjacent property, if it was repairs, it was chargeable against the city. The conclusion of the city's officer upon this question, though *prima facie* correct, was not final. It was a question of fact to be tried and determined by the trier of the facts in this action. The court, sitting as a jury, did not try this question of fact, but gave a declaration of law to the effect that the ordinance under which the work was done was conclusive upon the question whether the work which was done was construction or repairs. We know of no principle which will uphold this ruling. It has often been held that the necessity of making a given improvement, within the limits of the charter powers of the city, is a question upon which the judgment of the legislative department of the city is conclusive. *Sheehan* v. *Martin*, 10 Mo. App. 285; *Kemper* v. *King*, 11 Mo. App. 116, 127 ; *Young* v. *St. Louis*, 47 Mo. 492. But this principle does not extend so far as to allow the legislature of the city to violate the charter itself, by charging the cost of street repairs upon adjacent property owners. The municipal assembly can not, merely by calling the repairs of a street by the name of construction or improvement, make such repairs construction or improvement, and so exonerate the city from paying for them, and cast the burden upon adjoining property owners. Whether the ordinance under which the work now in question was done, attempted to do this, was a question for judicial determination. In so far as it attempted to do it, it was void.

The circuit court should have tried and determined this question upon the evidence adduced, directing its inquiry to the question whether the work done on this four hundred

and fifty feet of Washington Avenue was merely such work as is usually done by the city on its streets under the head of repairs, and such work as was merely necessary to restore the street where it had been worn out, or whether it was in part an original or new construction of the street. The action is an action at law; the evidence is, upon some points, conflicting; and we, therefore, have no jurisdiction to try and determine this question of fact, but we must remand the cause for this purpose to the circuit court. The judgment of the circuit court is accordingly reversed, and the cause remanded. All the judges concur.