JOHN B. O'MEARA, ADMINISTRATOR, Appellant, v.
JAMES GREEN, Respondent.

**St. Louis Court of Appeals, March 22, 1887.**

1. SPECIAL TAXES—STREET RECONSTRUCTION AND REPAIRS.—The
expenses incurred in the reconstruction of a street in the city of
St. Louis are to be borne by the abutting property, while the
expenses for its repairs are to be borne by the city.

2. ———— The city can not, by designating repairs as reconstruction,
in an ordinance, charge the cost of such repairs on the abutting
property.

3. ———— The question as to whether such work is repairs or recon-
struction, is a mixed question of law and of fact, determinable
upon the evidence as to the character of the work.

APPEAL from the St. Louis Circuit Court, DANIEL
DILLON, Judge.

*Affirmed.*

EBER PEACOCK, for the appellant: The court erred
in its application of the law as decided in this case when
here before. *O'Meara v. Green*, 16 Mo. App. 118. All
are abutting owners, whose property lies between the
termini mentioned in the ordinance, and contribute
proportionally to the cost of the whole work. *Eyer-
mann v. Hardy*, 8 Mo. App. 311 ; *Kemper v. King*, 11
Mo. App. 117. The special tax bill is *prima facie* evi-
dence of the facts necessary to establish the plaintiff's
case. *Ward v. Green*, 7 Mo. App. 82.

DYER, LEE & ELLIS, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This cause was before this court on a former appeal,
and it is reported in 16 Mo. App. 118. On being

remanded to the circuit court, it was again tried by the court, sitting as a jury, and a verdict and judgment were rendered for the defendant. The evidence was substantially the same as on the previous trial—perhaps a little fuller and more explicit on both sides. It does not seem necessary to re-state it in detail. It showed, substantially, that an ordinance of the city of St. Louis, numbered 11,777, authorized the improvement of Washington avenue, from the old city limits, which were about two hundred feet west of Grand avenue, to Vandeventer avenue; that the distance between the old city limits and Vandeventer avenue was about fifteen hundred feet; that, of this distance, a section, four hundred and fifty feet in length, had been, prior to the time when it was embraced within the city limits, substantially constructed by the voluntary act and at the expense of the property owners, in the manner in which the streets of the city of St. Louis were then constructed; that, subsequently, after the limits of the city had been, by the adoption of the scheme and charter, extended over this territory, the city had, at its own expense, repaired the section of the street thus constructed by the citizens; that all that portion of the street extending to the west of this section of four hundred and fifty feet, as far as Vandeventer avenue, had never been constructed prior to the passage of this ordinance; and that the work which was actually done upon this section of four hundred and fifty feet, under the above ordinance, for a part of which the tax bill in suit was issued, consisted of some repairs of the surface by graveling and rolling, such as the city ordinarily makes on its other streets, which it has, itself, constructed, and such as it pays for out of its own treasury. That this was the extent of the work done on this section of the street by the plaintiff, is the only conclusion fairly deducible from the evidence. In a special finding of facts, the learned judge of the trial court has so found; and if we are not entitled to look to this special finding as evidence of the

facts found, in the state of our practice, we must, nevertheless, conclude, upon reading the general verdict, in connection with the instructions given, that the court, sitting as a trier of the facts, must have so found. Indeed, the evidence for the defendant showed that the work which was done upon this four hundred and fifty feet of the street was substantially the same work as is ordinarily done by the city in repairing streets, at its own cost, which have previously been constructed. Mr. Macklind, the district engineer of the city, who had charge of the work, testified : "If I had been repairing that four hundred and fifty feet, I would, in all probability, have done the work in about the same manner as this was done—try to put it in as good shape as a new street. In repairing, our general object is to preserve the uniformity of the street ; if one side is worn off more than the other, we put on macadam, and round it up, and make it uniform on both sides, the same as was done here. If I had had charge of the repairs, this portion of the street would have been done about that way. The general principle of repairs is, to maintain the original form of the street throughout its lifetime. We use macadam in repairing streets, and gravel also, and where we find a depressed place, we put the macadam in ; and gravel is used by the city, in some places, for top dressing. The city sometimes rolls the gravel that it puts on the streets, though not always." This, the whole evidence showed, was substantially all that was done upon the section in question.

So that it appeared that the city undertook, by the above ordinance, to join together under one scheme of improvement the repair of a section of the street which had already been constructed by the adjacent property owners, which had been subsequently repaired at its own expense by the city, and the grade of which had been subsequently adopted by the city, with a section which had never been constructed, and, although so much of it as related to the part which had previously been con-

structed, was "repairs" merely, and to call it all "construction," and to assess the cost of it all against abutting property as street construction, instead of paying out of its own treasury, as street repairs, for that part of it which was repairs, merely. This, as we held when the case was here before, could not be done. Under the charter, the cost of constructing streets is chargeable against abutting property owners, and the cost of repairing them is chargeable against the city.

The circuit court has now tried the question of fact, for the trial of which this cause was remanded upon the former appeal—namely, whether the work on this four hundred and fifty feet section was such as is ordinarily classed as construction, or such as is ordinarily classed as repairs. The finding that it was repairs was the only finding that could properly have been rendered under the evidence. This renders it unnecessary to examine the instructions, which were given and refused.

In conformity with the law, as laid down in our former opinion in the case, which the circuit court correctly interpreted and applied, the judgment must be affirmed. It is so ordered. All the judges concur.