MATHILDA RITTERSKAMP, *et al.*, Respondents, v.
PHILIP F. STIFEL, *et al.*, Appellants.

St. Louis Court of Appeals, November 20, 1894.

1. **Special Taxes:** REPAIRS AS DISTINGUISHED FROM RECONSTRUCTION
WORK.   Under the charter of the city of St. Louis the reconstruction
of streets and alleys must be authorized by ordinance, but repairs
may be made at the direction of the street commissioner.  *Held,* that
a rule of the street commissioner, designating as reconstruction work
only that in which a new and different kind of paving is used, can
not be allowed to govern the determination of the real character of
the work.

2. ————: ————.   When, in repaving an alley, all the old paving
stones were taken out and new ones used in their stead, and the
grade is changed two or three inches, though such may not have been
the intention when the repaving was commenced, the work consti-
tutes reconstruction work and not repairs.

*Appeal from the St. Louis City Circuit Court.*—HON.
JACOB KLEIN, Judge.

AFFIRMED.

*Laughlin, Wood & Tansey* for appellants.

*Lubke & Muench* for respondents.

BIGGS, J.—This is an action in equity to cancel cer-
tain special tax bills, held by the defendants, against the
plaintiffs' property.   The averments in the petition are
substantially that, on March 20, 1891, the street com-
missioner of the city of St. Louis mailed to the plaintiffs
a notice that the alley in the rear of their premises was
out of *repair in some places,* and that, as soon as practi-
cable after five days the city would cause the necessary

*repairs* to be made; that after one year from the date of this notice the street commissioner, without further notice, ordered the defendants, who are contractors under the city, to entirely remove the paving of said alley, and to *reconstruct* the same, which was done; and that afterwards, to wit: on April 4, 1892, the city, against the protest of the plaintiffs issued tax bills for the work, amounting in the aggregate to $233.55, which are held by the defendants and are ostensible liens on the property of the plaintiffs.

The defendants in their answer admitted that they did the work, but denied that it was reconstruction, and, as an excuse for the long delay in commencing the work, they alleged that it resulted either at the request of the persons owning property adjacent to the alley, or because the city officers were prevented from the performance of the work by other duties. The court found the issues for the plaintiffs, and declared the tax bills to be void. The defendants have appealed, and assign for error the admission of incompetent testimony, and that, under the law and evidence, the finding ought to have been in their favor.

Was the work reconstruction or repairs, is the important question presented by the record; if the former, then the decree of the circuit court must be sustained on that ground, if no other. Under the charter of the city *the reconstruction* of streets and alleys must be authorized by ordinance, which involves publicity and the right and opportunity of remonstrance against the proposed improvement by the owners of property, which may be chargeable with the cost (art. 6, secs. 14, 15, 16, 27, 28, charter of city of St. Louis); whereas *repairs* may be made on the order of the street commissioner. It is conceded that there is no ordinance authorizing the alley in question to be reconstructed; therefore, if the improvement was actually

and in effect a reconstruction of the alley, the tax bills therefor were illegally issued.

The defendants place some reliance on a rule of the street commissioner of the city, under which an improvement of a street or alley can be considered reconstruction work *only* where new and a *different kind* of paving is used. If the distinction made in the charter between reconstruction work and repairs is to be preserved, this rule can not be allowed to govern. The words of the charter must be given their ordinary meaning and effect, and any contrary rule of interpretation can not be adopted.

The plaintiff's evidence tended to prove that the paving in the alley was in good condition, with the exception of a few ruts and probably a loose stone here and there, and that the alley could have been repaired at a trifling expense. On the other side the proof was to the effect that, when the defendants began the work, they ascertained that all the old paving stones were rotten and unfit for further use, and that the only remedy was the substitution of new ones, which was done. While there is a conflict in the testimony as to the condition of the old paving stones which remained in place at the time the work was ordered, yet the evidence of both parties is clearly to the effect that the alley was reconstructed and not repaired. The alley was made new, except the old sand, which was mixed with the clay and soil, and the grade was changed two or three inches. Thus it will be seen that the finding of the circuit court on the material issue of facts (which we deem controlling) is supported by all the evidence. The fact that the defendants and the inspector of streets for the city did not discover the rotten condition of the old stone until they began work, can make no difference. If their statements on this point are true and by reason of the defective condition of the old stones an

entire reconstruction of the alley with new paving material was necessary, the work should have been suspended, in order that the necessary and legal steps might be taken for a reconstruction of the alley.

The effect of the failure to give a new notice need not be decided, as our decision on the other question is decisive of the case in favor of the respondents.

With the concurrence of the other judges the judgment of the circuit court will be affirmed. It is so ordered.