JAMES FARRELL, JR., Appellant, v. ADOLPH RAMMEL-
KAMP *et al.*, Respondents.

St. Louis Court of Appeals, January 7, 1896.

1. **Special Taxes:** EFFECT OF TAX BILL AGAINST OWNERS NOT NAMED
THEREIN. A special tax bill, which is made out against some only of
several co-owners, is not invalid on that account; but it will not
constitute *prima facie* evidence of the validity of the tax against any
co-owner who is not named in it.

2. ————: DIFFERENCE BETWEEN RECONSTRUCTION WORK AND REPAIRS.
In the reconstruction of a sidewalk, as distinguished from repairs,
new material is used, a different kind may be contemplated or
required, and changes in the structure of the old sidewalk may also
be involved. In repairs, on the other hand, the same kind of material
as that of which the sidewalk is composed must be used, and the
structure of the sidewalk must not be changed in any material man-
ner.

3. ————: EFFECT OF TAX BILL PURPORTING TO BE FOR REPAIRS, WHEN
ISSUED IN FACT FOR RECONSTRUCTION WORK. A special tax bill issued
under the charter of the city of St. Louis, and purporting to be for
the repair of a sidewalk, will not be *prima facie* evidence of the
validity of the charge when the work for which it was issued was the
reconstruction of the sidewalk.

*Appeal from the St. Louis City Circuit Court.*—HON.
P. R. FLITCRAFT, Judge.

AFFIRMED.

*Alfred A. Paxson* for appellant.

*Lubke & Muench* for respondents.

BIGGS, J.—The plaintiff's cause of action is stated
in two counts. In the first he seeks to recover on a
special tax bill issued by the municipal authorities of
the city of St. Louis for *repairs* on a sidewalk in front

of a lot in the city belonging to the defendants. The tax bill is dated November 13, 1893, and is for $84.45, the price of one hundred and forty square yards of new paving material; and it states that it was issued for *repairs* on the sidewalk. The further allegations were made that the street commissioner of the city notified the defendant Rammelkamp (as provided by section 573 of the Revised Ordinances of the city, 1892) that the repairs were needed, and requested him to make them; that in the year 1893 the plaintiff had the annual contract with the city for constructing, repairing, and reconstructing sidewalks in the district wherein this lot was situated (sec. 15, art. 6, of the charter; section 1372, Revised Ordinances, 1892) and that, Rammelkamp having failed to comply with the notice, the street commissioner ordered the plaintiff to do the work for which the tax bill was issued.

In the second count it is averred that the street commissioner ordered the plaintiff to *reconstruct* the sidewalk, which he did, and that the tax bill was issued for the work done under this alleged order. The answer is a general denial. The cause was submitted to the court without a jury, and the judgment was for the defendants. No instructions were asked or given. The plaintiff appeals, claiming that the judgment is against all of the evidence in the case.

The right of the city by ordinance to establish, open, and otherwise improve, all streets, alleys, and sidewalks (sec. 26, art. 3, of charter; R. S. 1889, p. 2096), and under certain limitations to charge upon the adjoining property the cost of paving the streets and constructing the sidewalks (sec. 18, art. 6, charter; R. S. 1889, p. 2123), is undenied. By section 18, *supra*, the cost of repairing sidewalks is likewise chargeable against the adjoining property. It has been held

that the power conferred by section 26, *supra*, is a legis-
lative power and is a continuing one, and that it extends
to compelling the repaving of the streets or the recon-
struction of the sidewalks at the expense of the adjoining
owners, whenever required by the municipal authorities.
*Farrar v. City of St. Louis*, 80 Mo. 379. For all such
work special tax bills must be issued, which are required
to be signed by the president of the board of public
improvements and registered in his office and counter-
signed by the comptroller, and likewise registered in
his office (sec. 24, art. 6, charter); and such tax bills,
when regularly issued, are *"prima facie* evidence that
the work and material charged in such bill shall have
been furnished, and of the execution of the work, and
of the correctness of the rates or prices, amount thereof,
and of the liability of the person therein named as the
owner of the land charged with such bill to pay the
same," etc. Touching the authorization of such work,
section 14, article 6, of the charter provides that, for
the construction or *reconstruction* of streets or *alleys*,
ordinances must be adopted as therein provided. The
succeeding section, which deals with the same subject,
provides: "All ordinances recommended by said
board (board of public improvements) shall specify the
character of the work, its extent, the material to be
used, the manner and general regulations under which
it shall be executed, and the fund out of which it shall
be paid, and shall be indorsed with the estimate of the
cost thereof: *Provided*, that no improvement or repairs
shall be ordered upon any future street, alley, or high-
way, which shall not have been opened, dedicated or
established, according to the provisions of this charter
and law; *and provided, further*, that nothing in this
article shall be so construed as to prevent the board of
public improvements, through the proper officer there-
of, from annually letting and entering into contracts

on the first day of July, of every year, for the grading, constructing, reconstructing, and repairing of sidewalks and repairing street, alley, and gutter, paving and such other similar work, which may be ordered by ordinance, *or may become necessary to be done during the year.*"

On the trial the plaintiff read in evidence a notice, which was addressed to defendant Rammelkamp and was signed by the street commissioner, notifying him that the sidewalk *was out of repair* and requiring him to repair it within five days. This notice was in pursuance of section 573 of the Revised Ordinances, 1892, by which the owners of property are given the option of making repairs on sidewalks, provided they do the work within five days after receiving notice. The plaintiff also read in evidence his contract with the city, and also the tax bill in which the defendant, David W. Crockett, *alone* was named as owner of the lot. It was conceded that defendant Rammelkamp held the legal title to the lot in trust for himself and his codefendants. This was all the evidence introduced by plaintiff. Upon offer of the defendants to prove that the sidewalk was reconstructed and not repaired, the plaintiff admitted the fact in open court.

It will be observed that the plaintiff in his pleadings and evidence relied on the tax bill as making for him a *prima facie* case. This could only have been as to Crockett, who alone was named in the tax bill as *owner*. The failure to name the other owners did not invalidate the tax bill as a lien on the lot, but it did not establish a *prima facie* liability as to them. *Stadler v. Roth*, 59 Mo. 400. Hence, there was a failure of proof on both counts as to all of the defendants except Crockett.

The tax bill purports to have been issued for repairs, and, there being no controversy as to its execu-

tion, the plaintiff would have been entitled to a judgment under the first count against Crockett's interest, had it not been for his admission that the sidewalk was reconstructed and not repaired. This admission upset his *prima facie* case and made the judgment on the first count unavoidable.

Could the plaintiff recover against Crockett under the second count, is the remaining question. The difference between reconstruction and repairs of sidewalks is marked. In the one new material is used, a different kind may be contemplated or required, and changes in the structure of the old sidewalk may also be involved. In the other, the same kind of material as that of which the sidewalk is composed must be used, and the structure of the sidewalk must not be changed in any material manner. Both may be done on the order of the street commissioner (sec. 15, art. 6, of the charter), but reconstruction work can be done only by the annual contractor, whereas the owner has the option of making repairs (sec. 573, *supra*). Again, in cases involving the reconstruction of sidewalks, it is necessary that the width and grade of the sidewalk, as well as the kind of material to be used, should be fixed either by general or special ordinance. As the tax bill purports on its face to have been issued for repairs, it could not possibly furnish any evidence that the plaintiff was ordered to reconstruct the sidewalk, and that its dimensions and the materials to be used had been established by ordinance, and that plaintiff had complied therewith. Hence, the judgment as to Crockett on the second count was likewise unavoidable.

With the concurrence of the other judges, the judgment of the circuit court will be affirmed. It is so ordered.