## Contas *v.* Bradford, Appellant.

*Municipalities—Building laws—Fire ordinance—Wooden buildings— Reconstruction.*

A city ordinance providing that within certain limits " no building shall hereafter be constructed or reconstructed, except of brick, stone, iron, or other incombustible material" does not apply to changes in a wooden building which involve a new front of galvanized iron, a ceiling and wainscoting of steel, a roof of slate in place of wooden shingles, and an increase of height of two feet and six inches without any increase of length or width.

Argued May 5, 1903. Appeal, No. 55, Jan. T., 1903, by defendants, from decree of C. P. McKean Co., Dec. T., 1902, No. 1, on bill in equity in case of A. Contas v. Bradford, Geo. H. Potter, Mayor, and Moses P. Wooley, Street Commissioner.

Before DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity for an injunction.

MORRISON, P. J., filed the following opinion:

### FINDINGS OF FACT.

1. By written stipulation dated October 25, 1902, signed by the solicitors for all parties, it is agreed that the hearing in this case shall be a final one, the printing of the bill and answer by defendant being waived, and it being agreed that the case is regularly at issue. It is further agreed if an injunction issue the bail shall be $100.

2. The plaintiff is the owner in fee of a lot of land situated on the south side of the Main street, in the city of Bradford, and having erected thereon a two-story double boarded building, twenty feet wide in front on Main street and extending back eighty feet. This building rests on stone piers and has wooden sills and floors, and a wooden ceiling, and shingle roof, and the outsides of the building covered with wooden siding. It was constructed about twenty years ago, and has become somewhat decayed, and needed new sills, new first floor, and the ceiling needed strengthening by new joists,—it needed a new roof and required painting.

3. The plaintiff made a parol contract with Frank S. Slattery to make the following repairs upon said building: To put in new joists and sills for the first floor, and a new floor, a new steel ceiling; a new galvanized iron front and galvanized bay window, to raise the building by splicing at the bottom next to the sills, two feet and six inches, so that the storeroom on the first floor would be two feet, six inches higher than at present, to paper the building upstairs and paint it and put on new shingles or slate roof and to put in new piers for the foundation if it was found that they were needed. No changes were to be made in the external sides of the building, the walls were to remain outside as they were except the raising of the same two feet six inches. The building was not to be widened or lengthened, the back room upstairs was to be made into a kitchen. The external appearance of the building was to remain the same except the galvanized iron front.

4. The plaintiff's lot and building is within the fire limits of the city of Bradford and is covered by ordinance of the city of Bradford No. 907, the material part of which so far as this case is concerned is as follows: " Within which no building shall hereafter be constructed or reconstructed except of brick, stone, iron or other incombustible material," etc.   This ordinance is authorized and is in accordance with the act of assembly approved May 23, 1889, art. 5, sec. 3, cl. XL, p. 277, as amended by the act of assembly of May 16, 1901, sec. 14, p. 224.

5. That plaintiff being about to have the repairs mentioned above made upon his building was stopped by the city authorities on the ground that what he was doing was reconstruction of his wooden building, and was therefore in violation of the said ordinance and the acts of assembly.

6. The expense of constructing the plaintiff's building entire would be about $3,500, but the cost of the contemplated repairs was only $1,500.

The plaintiff has asked us to find the following facts and conclusions of law:

### FACTS.

1. The work to be done by the plaintiff, as shown by the testimony in this case, does not amount to a reconstruction of the building described in plaintiff's bill.  *Answer:* Affirmed.

2. That said work as shown by the evidence in this case is not a reconstruction of said building, but simply a repairing of the same.  *Answer:* Affirmed.

### CONCLUSIONS OF LAW.

1. The ordinance of said city of Bradford, to wit: ordinance No. 907, approved November 26, 1901, and the act of assembly approved May 23, 1889, in pursuance of which said ordinance was passed, do not prohibit the repairing of wooden buildings within the limits prescribed by said ordinance.  *Answer:* Affirmed.

2. That said ordinance and the act of assembly upon which the same is predicated being in derogation of the common-law right of the plaintiff to use his property as he deems proper must be construed strictly against the city.  *Answer:* Affirmed.

3. Under the law and facts in this case, the plaintiff is entitled to the injunction prayed for.  *Answer :* Affirmed.

### DEFENDANT'S REQUESTS FOR FINDINGS OF FACT.

1. That the defendant city of Bradford, has by ordinance No. 907, approved November 26, 1901, prescribed certain fire limits within which no building shall be constructed except of brick, stone, iron or other incombustible material, with the outer walls thereof eight inches in thickness in a building less than twenty feet to the eaves, twelve inches in thickness in a building less than forty feet, and more than twenty feet in height, and four inches additional thickness for each additional twenty feet in height and also with the roof covered with tin, iron, slate or other fireproof material.  *Answer :* Affirmed.

2. That the plaintiff is the owner in fee of a certain lot of land with building thereon erected, known as No. 28 Main street in the city of Bradford and within the fire limits prescribed by said ordinance No. 907, approved November 26, 1901.  *An-swer :* Affirmed.

3. We do not quote defendant's request No. 3 in full here for the reason it is not in accordance with the evidence and we cannot affirm it, but it will be filed and answered in the negative.

4. The building now standing was built over twenty years ago.  *Answer :* Affirmed.

5. The building is now unoccupied and unfit for occupancy.  *Answer :* Affirmed.

### CONCLUSIONS OF LAW ASKED BY DEFENDANT.

1. That the work which the plaintiff had undertaken to perform upon building No. 28 Main street, in the city of Bradford, is a construction or reconstruction of a building, such as is prohibited by said ordinance No. 907, of the city of Bradford, approved November 26, 1901.   Answered in the negative.

2. That the plaintiff is not entitled to the relief prayed for.  *Answer :* Refused.

3. That the plaintiff's bill in this case should be dismissed with costs.  *Answer :* Refused.

### DISCUSSION.

The sole question in this case depends upon the legal mean-

ing of the word "reconstruct" as used in ordinance No. 907 of the city of Bradford. Words of a statute, unless in some way controlled by the context, are to be considered in the ordinary and popular acceptation of the terms used. Statutes or ordinances thereunder in derogation of the common-law right of the citizen and depriving him of his common-law right to use and enjoy his property are to be considered most strictly against the public and in favor of the citizen. Penal statutes or ordinances, or ordinances and statutes penal in their character, are to be considered most strictly against the public and in favor of the citizen.

Now let us look at the meaning of the words "construct" and "reconstruct." Webster says—construct: to put together, in their proper place and order, the constituent parts of, to build, to form, as to construct an edifice, "to build." Reconstruct: to construct again, to rebuild, to form again or anew. The Century Dictionary—to construct again, to rebuild. In De Wald et al. v. Woog, 158 Pa. 497, the word "reconstruct" seems to have been judicially considered. In that case the old structure was an old-fashioned two-story house, and it seems to us the changes made were much more important and extensive than those contemplated by the plaintiff in this case, yet it is held that it was not a reconstruction or a new building or a rebuilding. In this case, Landis's Appeal, 10 Pa. 379, is cited. In this case, COULTER, Judge, says on page 380, " In the common understanding and language of the people, when we speak of the erection or construction of a house or building, we mean the erection of a new house or building, not the rebuilding of an old one."

It is a maxim with the courts that statutes in derogation of the common law must be construed strictly: Cooley's Constitutional Limitations, page 60; Brooms' Maxims, page 33.

Penal statutes must be construed strictly in favor of the accused: Bercher v. Commonwealth, 103 Pa. 528; Gallagher v. Neal, 3 P. & W. 183; Cake v. Jacoby, 2 W. N. C. 391.

Statutes for regulation of trade imposing fines and forfeitures are to be construed strictly as penal, and not liberally as remedial laws: Commonwealth v. Shopp, 1 Woodward, 123.

A municipal ordinance imposing a penalty must be construed

according to its spirit and intent. An act may be within the limit and yet no violation of the ordinance: Philadelphia v. Wright, 4 Phila. 138.

In our opinion the proper legal construction of the words "construct" and "reconstruct" found in the act of May 23, 1889, as amended by the act of May 16, 1901, section 14, page 224, and embodied in the ordinance of the city of Bradford, No. 907, is to prohibit the construction or building of a wooden structure within the limits fixed by the ordinance. That the word "reconstructed" simply has the legal effect of preventing any evasion of the prohibition created by the words "no building shall hereafter be constructed," that is to say, the ordinance cannot be evaded by claiming the right to reconstruct or rebuild a wooden building which had been demolished or destroyed either by accident or design. But the words "constructed" or "reconstructed" cannot be construed to prohibit an owner from repairing his wooden building which stands within the fire limits. And we are clearly of the opinion that the repairs contemplated by the plaintiff as set out in our findings of fact, do not amount to construction or reconstruction within the meaning of the law. The building will not be materially enlarged, in fact it will be no wider and no longer than when the repairs were begun. It will be two feet and six inches higher; but the new front will be galvanized iron and the ceiling and wainscoting will be steel, and certainly this reduces the fire risk, and the roof will be slate in place of wooden shingles. To say that the contemplated repairs amount to a reconstruction or constructing again or rebuilding of the wooden structure seems to us putting a forced and unusual meaning upon these terms. If to put a new front in a building and a new ceiling and a new roof and painting the building is a reconstruction of a building, then we do not understand the meaning of these terms. Having reached this conclusion, it follows that the plaintiff is entitled to repair his building and that the action of the city in refusing to permit him to do so is illegal and must be restrained. We are not, however, disposed to restrain the city from preventing the plaintiff from putting shingles on the building for a roof, and say that the roof must be of slate or some other noninflammable material.

### DECREE.

And now, October 29, 1902, the above entitled cause coming on to be heard upon bill and answer and testimony of witnesses, and having heard the same, and the arguments of solicitors for the respective parties, upon due consideration of the premises, it is ordered, adjudged and decreed that an injunction issue restraining the defendant, the city of Bradford, George H. Potter, mayor, and Moses P. Wooley, street commissioner, and all officers, servants, agents and employees of said city from in any wise interfering with the plaintiff in the repairing of said building No. 28 Main street in said city, as set out in plaintiff's bill and in the manner shown by the evidence before the court, and the findings of fact herein, except that the defendants may require the plaintiff to roof the building with slate or some other noninflammable material.

*F. P. Schoonmaker*, for appellants.—To repair a building is to replace it as it was, or to restore it after an injury or dilapidation: Douglass v. Commonwealth, 2 Rawle, 262; Reading City v. Reiner, 167 Pa. 41; DeWald v. Woog, 158 Pa. 497.

*George A. Berry* and *Robert L. Edgett*, for appellee, were not heard.

PER CURIAM, May 18, 1903:

We can add nothing to what has been so well and concisely said in demonstration of the correctness of his judgment by the learned judge of the court below. All the assignments of error are overruled and the judgment is affirmed on the opinion of the court below.