EMMA WATHEN RANNEY, Respondent, v. CITY
OF CAPE GIRARDEAU, Appellant.

### St. Louis Court of Appeals, November 3, 1914.

SPECIAL TAX BILLS: City of Third Class: Improvement of
    Street: "Reconstruction" or "Repairing." A gravel street in
    a city of the third class, which had become badly worn, so
    that there were holes and depressions in it, was graded and
    then macadamized from gutter to gutter with macadam varying
    in thickness from a few inches to two and a half feet. *Held*,
    that this was a "reconstruction," and not merely a "repairing"
    of the street, within Sec. 9255, R. S. 1909, so that compliance
    with the provisions of that section with respect to the passage.
    of a preliminary resolution declaring the improvement neces-
    sary and with respect to letting the work to the lowest and
    best bidder, upon plans and specifications, etc., was a condition
    precedent to the validity of special tax bills issued for the cost
    of such improvement.

Appeal from Cape Girardeau Court of Common Pleas.
      —*Hon. J. L. Fort*, Acting Judge.

AFFIRMED.

*M. A. Dempsey* and *R. H. Whitelaw* for appellant.

*Wilson Cramer* for respondent.

ALLEN, J.—Plaintiff, by bill·in equity, seeks to
cancel certain tax bills for the improvement of a street
in Cape Girardeau, a city of the third class. The trial
court entered a decree for plaintiff, cancelling the tax
bills, and restrained the collection thereof, and the
defendant city appealed to this court. On respond-
ent's motion the cause was transferred to the Supreme
Court, upon the ground that a constitutional question
is involved; but it has been retransferred to this court,
the Supreme Court holding that the record presents
no constitutional question such as to deprive us of

jurisdiction. [See Ranney v. Cape Girardeau, 255 Mo. 514, 164 S. W. 582.]

The petition seeks to have the tax bills declared null and void on seventeen grounds. The answer admitted some of the allegations of the petition, denied others, and averred certain alleged facts in support of the validity of the tax bills. It is unnecessary, however, to here specially notice the pleadings.

The work of improvement in question consisted of the reconstruction of a part of Main street, one of the leading thoroughfares of the city of Cape Girardeau, upon which plaintiff's property abuts. It appears that, prior to making the improvement, the street had become badly worn and there were many depressions and "holes" in it. Just what was the nature of the old street does not fully appear, but it is said that it was a gravel street. On September 9, 1907, an ordinance was passed by the council authorizing the "repairing" of main street from Broadway to Mill street, and of certain portions of other streets as well, ordering the street commissioner to "repair" the same, and providing for the issuance of special tax bills to reimburse the city for the cost thereof. It is conceded that this ordinance was never signed by the mayor, nor presented to him for his approval.

Under the last mentioned ordinance the work here in question was done. The evidence is that the street was "graded and macadamized," though there is testimony that the depressions and holes in the street were not filled with earth, but with macadam. At any rate it fully appears that the portion of Main street in question was macadamized from gutter to gutter, the thickness of the macadam varying, it seems, from a few inches to two and one-half feet.

It is conceded that the appellant city did not proceed in accordance with the provisions of section 9255, Revised Statutes 1909, relating to the paving, macadamizing, etc., of any street, avenue, alley or other

highway in a city of the third class, for which a special
tax is to be levied; which statute was in force at the
time. [See Laws 1907, p. 103.] There was no pre-
liminary resolution declaring the street improvement
necessary, no letting of the work to the lowest and
best bidder, upon plans and specifications, etc., nor
was the statute complied with in other particulars.
On the contrary, the improvement was authorized by
the council upon the theory that it constituted merely
a *repairing* of the streets in question; and the work
was done by the city, under the supervision of its
street commissioner, paid for out of the general rev-
enue fund, and the tax bills afterwards issued in order
to reimburse the city for such expenditure.

It is argued for appellant city that the method
pursued by it in the premises is authorized by the
concluding sentence of section 9255, Revised Statutes
1909, supra, which is as follows:

"No formality shall be required to authorize the
repairing of streets or other paving, macadamizing,
curbing, guttering, or part thereof, and making as-
sessments therefor, but the proper officer or officers
or committee on improvements may, with or without
notice, as authorized by ordinance or resolution, cause
such work to be done, keeping an account of the cost
thereof, and reporting the same to the council for
assessment."

But this argument is unsound. This portion of
the statute clearly has reference to such work as may
properly be embraced within the term "repairing."
That the improvement here in question does not fall
within the meaning and intendment of such term, but
is of such a character as to necessitate a compliance
with the earlier and main provisions of section 9255,
cannot be doubted. As we have said the street was
reconstructed by being macadamized across its entire
width. It was essentially a reconstruction of the street,
to which the main portion of the section applies, re-

quiring the city to take certain steps, there fully specified, before the property of a citizen may be burdened with a special assessment for the cost of such improvement. For the mere repairing of streets these formalities and safeguards are dispensed with, and the "proper officer or officers or committee on improvements may, with or without notice, as authorized by ordinance or resolution, cause such work to be done." But what was here done was not the "repairing" of a street, within the meaning of that term as used in the statute.

This question is fully discussed in the recent case of Noel v. Lees Summit, 166 Mo. App. 114, 148 S. W. 194. There the statute under consideration was section 9411, Revised Statutes 1909, applicable to cities of the fourth class, but the language thereof relating to repairs is almost identical with the corresponding portion of section 9255, supra, with the exception that the word "reconstructed" occurring in the former, and referred to in the above mentioned opinion, is not found in the latter. In that case the central portion of the street was relaid with macadam, but this constituted, it was said, all of the used part of the street. It was said to be "a repaving, in a certain width, of the entire street;" and was held not to be a repairing of the street, but a reconstruction thereof, necessitating the compliance by the city with the formalities prescribed by the earlier and main provisions of section 9411. In this connection the court, through ELLISON, J., said:

"The manifest reason for allowing street repairs . . . without the usual formality requisite to street paving, is that the nature of such work and the requirement therefor becomes apparent at irregular times and in comparatively small ways, both in extent and cost. It was more practical to leave such matters of keeping the street in condition, to a street commissioner, as the necessity would show itself from

time to time. It was never intended that he should construct a new work. It would be an unreasonable construction of the statute to say that the first part showed such solicitude for the protection of the property holder as to require action of the board of aldermen, publication of notices . . . and a public letting of the work, and then that it should be immediately followed, in the latter part, by words doing away with all this when the street was to be rebuilt or again be constructed.''

This applies with full force to the corresponding section here involved, applicable to cities of the third class. The concluding sentence thereof, relating to the repairing of streets, is in the nature of a proviso to the main body of the section; and to give to it the meaning and effect contended for by appellant, when applied to such facts as are here present, would be to make the proviso, as we may call it, destroy the act itself.

As to the distinction between a reconstruction and a repairing in such cases in general, see: Jones v. Plummer, 137 Mo. App. 337, 118 S. W. 109; Rackliffe & Gibson v. Duncan, 130 Mo. App. l. c. 703, 108 S. W. 1110; Farrell v. Rammelkamp, 64 Mo. App. 425; Ritterskamp v. Stifel, 59 Mo. App. 510.

Other questions raised are not controlling and need not be discussed.

It follows that the action of the council throughout in attempting to authorize the issuance of special tax bills to reimburse the city for the cost of the improvement in question is void, and that consequently the tax bills themselves are null and void. The judgment of the circuit court is therefore affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.