## G. H. WETTERAU et el. v. FARMERS & MERCHANTS TRUST COMPANY.

### Division One, December 30, 1920.

1. **QUIETING TITLE: Particularizing Defendant's Claim.** In an action brought under Section 2535, Revised Statutes 1909, and praying the court to ascertain and determine the interests of the parties in the real estate involved, the petition may particularize as to the adverse claim of defendant.

2. **STREET IMPROVEMENT**: Area Tax: Invalid Ordinance: Gross Inequalities. An ordinance of the City of St. Louis, although within the terms of the charter which requires the benefit district to be bounded by two lines, one of which is to be midway between the street to be improved and the next parallel street on one side, and the other a line half way between the street to be improved and the next parallel or converging street on the other side, is void if it distributes the area tax in grossly unequal proportions, in blind obedience to the charter provision; and where there were parallel streets on both sides of the street to be improved, but on one side the next parallel street was close to it, and on the other it was almost a half mile to the next parallel street, and plaintiff had a frontage of 254 feet on that side and it was assessed to a depth of 1248 feet, the inequalities were so gross as to render void an area tax of $4,107,19 assessed under the ordinance.

3. ——: ——: ——: **Validity of Charter.** The court will not declare void the old charter of St. Louis, which requires a benefit district for levying area taxes for street improvement to extend one half the distance from the street to be improved to the next parallel or converging street on each side, as violative of the Fourteenth Amendment, but will declare void an ordinance passed in pursuance to said charter provision if, under the physical facts, it fixes a benefit district wherein gross inequalities of benefit taxes result.

4. ——: ——: **Cemetery Uses.** Evidence that while plaintiff's property is now used for cemetery purposes, it might, in the near future, have a different use and thereby call for streets to be run through it, is immaterial on the question whether the benefit district was laid off in such a way as to impose a grossly unequal area tax upon said property. The particular use of the property at the time, or its prospective future use, is not a material question in determining whether the ordinance fixing the tax according to area imposed gross inequalities upon properties in the benefit district.

5. ——: ——: ——: **Quieting Title: Lien or Cloud: Evidence.** An action to declare title is equitable in character, if it asks the court to find that a special tax bill is a cloud upon plaintiff's title and to declare the title to be in plaintiff, free from the lien of such tax bill; and being equitable, it is triable *de novo* on appeal, and any evidence improperly admitted by the trial chancellor may be excluded, without a reversal.

6. ——: **Invalid Ordinance: Estoppel.** The owner of land does not by signing a petition asking that a certain kind of material be used in paving the street estop himself to question a subsequent

ordinance so fixing the benefit district as to impose a grossly unequal area tax upon his property; nor does the fact that he paid two installments of such illegal tax estop him· to attack the validity of the ordinance.

Appeal from St. Louis City Circuit Court—*Hon. William T. Jones,* Judge.

AFFIRMED.

*Marshall & Henderson* and *Frank J. Wiget* for appellant.

(1)   The circuit court erred in admitting incompetent, irrelevant and immaterial evidence offered by plaintiff.   (a)   As to the effect upon the property of the plaintiff of the increased growth of population and settlement in the neighborhood of plaintiff's property. All of the testimony in this respect is purely speculative.   The admitted fact remains that the condition of the plaintiff's cemetery was the same in December, 1914, when the tax bill was issued, as it had been ever since it was. first established in 1857, except that plaintiff has lately established ·a new cemetery just across Gravois Avenue from the old, and that people preferred to buy lots in the new rather· than in the old cemetery.   (b) As to the history and experience in the City of St. Louis in respect to cemeteries becoming· unavailable by reason of the building up of the neighborhood: All of this was clearly incompetent.   The plats and histories themselves were the best evidence of the facts, if the facts themselves were competent in this case.   (c)   As to the possible prolongation of streets through plaintiff's property and the ·effect thereof on plaintiff's cemetery, and its availability in the future by reason of the prolongation or possible prolongation of streets through the same. All of this was clearly incompetent.   No street had been ·opened through the cemetery from the time it was established in ·1857 to 1914, when Gravois Avenue was improved.   (d)   As to the number of burials in plaintiffs' cemetery within recent years.   (2)   There is no equity

in the bill. Equality in taxation is impossible. Equality of assessment does not apply to local assessments for improvements levied upon property specially benefited thereby. 37 Cyc. 731; McCutcheon v. Railroad, 72 Mo. App. 275. The inequalities complained of in this case arise from the irregular depths of the lots abutting the improvement. All of the large tracts, with great depths, are similarly affected by the area tax. Many of the smaller tracts have not the same depths. In many instances the next parallel street is closer to Gravois Avenue than is the case in other instances. There are converging streets in the district, which necessarily affects the area of abutting owners. These conditions are not created by the city, but by the manner in which additions to the city were formerly laid out. All of this produces inequality in the area assessment. But where all persons in the same class are treated alike, there is no inequality. Andrus v. Ins. Co., 168 Mo. 162; 37 Cyc. 731. If all city blocks were laid out in perfect parellelograms, no such inequality would be possible in fixing the area tax. If these conditions produce irregularities which make the assessment void, then it follows that an area tax is unlawful, and this is true of every city in the United States. Yet an area tax has always been treated by the courts as a legal and just system of assessing benefits for street improvements. 28 Cyc. 1122; Collier v. Paving Co., 180 Mo. 362; State ex rel. v. St. Louis, 183 Mo. 237; State ex rel. v. St. Louis, 211 Mo. 591; Construction Co. v. Shovel Co., 211 Mo. 524. In short, the ingenuity of man has never devised a general or fixed rule for assessing special benefits for the improvement of streets that does not present inequalities. Besides this, " The requirement of equality and uniformity applies only to taxes in the proper sense of the word, levied with the object of raising revenue for general purposes, and not to such as are of an extraordinary or exceptional kind, or to local assessments for improvements levied upon property specially benefited thereby," 37 Cyc. 731; McCutcheon v. Railroad, 72 Mo. App. 275. (3) The circuit court erred in holding that the plain-

tiff is not estopped. (a) The rule is universal that "if a person by his conduct induces another to believe in the existence of a particular state of facts, and the other acts thereon to his prejudice, the former is estopped, as against the latter, that that state of facts does in truth exist." 16 Cyc. 680. (b) "Where a person with actual or constructive knowledge of the facts induces another by his words or conduct to believe that he acquiesces in or ratifies a transaction, or that he will offer no opposition thereto, and that others in reliance on such belief alters his position, such person is estopped from repudiating the transaction to the other's prejudice." 16 Cyc. 792. (c) Where a property owner, after the contract was let for the improvement of a street, petitioned the council to substitute artificial stone for natural stone, as had been provided by the contract, and the city did so, he is estopped to deny the validity of the tax bill. Brick Co. v. Hull, 49 Mo. App. 433. (d) Where an ordinance for an improvement is valid in its general scope, but unreasonable and oppressive as applied to a particular lot, the failure of the owner of the lot to test the issue of the applicability of the ordinance to his lot before the contractor under annual contract to make the improvement has made the improvements estops himself from raising such issue against the contractor in a suit on the special tax bill. Heman v. Ring, 85 Mo. App. 231. (4) The fixing of a benefit district and the apportionment of the benefits is a legislative and not a judicial question. Meier v. St. Louis, 180 Mo. 391; Gilsonite Co. v. Fair Assn., 231 Mo. 589; Mexico v. Lakenan, 129 Mo. App. 180; Prior v. Construction Co., 170 Mo. 451; Frend v. Asphalt Co., 181 U. S. 324; Railroad v. Asphalt Co., 191 U. S. 433; Houck v. Drainage Dist., 239 U. S. 263.

*Holland, Rutledge & Laskly* and *Oliver J. Miller* for respondents.

(1) A single legislative rule for fixing benefit districts in a city for special assessments for street im-

provements, alike for platted and unplatted districts, by providing that the district line be drawn half way between the improved street and the next parallel street, no matter how far distant that street may be, and, although the property may be subdivided and platted on one side of the improvement so that the next parallel street is far distant, is repugnant to the Fourteenth Amendment to the Constitution of the United States. Gast v. Schneider Granite Co., 240 U. S. 55; Embree v. Kansas City District, 241 U. S. 419; Norfolk Water Co. v. Norfolk, 246 Fed. 650; Withnell v. Bush Const. Co., 243 U. S. 663; Commerce Trust Co. v. Blakely, 274 Mo. 52. (2) An area assessment which distributes a local tax in grossly unequal proportions, not because of special considerations applicable to the parcels taxed, but in blind obedience to a supposed charter rule, is invalid and violates the Fourteenth Amendment of the Constitution of the United States. Commerce Trust Co. v. Blakely, 274 Mo. 52; Gast v. Schneider Granite Co., 240 U. S. 55; Commerce Trust Co. v. Keck, 223 S. W. 1057. (3) The ordinance and the charter provision on which it is based are void because unconstitutional. If unconstitutional they are void in so far as they affect the area tax of respondents' land. Cases cited, supra. (4) The location of property in the district and not its use determines its taxability for local improvements. (5) There can be no estoppel as to an illegal tax. Commerce Trust Co. v. Keck, 223 S. W. 1057; Perkinson v. Hoolan, 182 Mo. 189; Mayes v. Adair Co., 194 S. W. 58; Ford v. Phillip, 159 Mo. App. 482; Wheeler v. Poplar Bluff, 149 Mo. 36; McCormick v. Moore, 134 Mo. App. 669; Perkinson v. McGrath, 9 Mo. App. 26. (6) There can be no estoppel against persons who never had the right or opportunity to be heard either with reference to the necessity or extent of the improvement, the boundary of the taxing district or any feature of the tax. Collier v. Paving Co., 180 Mo. 362, 390; Commerce Trust Co. v. Keck, 223 S. W. 1057. (7) The court will take judicial notice of the fact that with the growth of a great

city its unsubdivided and unplatted tracts will be cut up into blocks and lots, and that such tracts used as cemeteries will share and have shared the same fate.     15 Ruling Case Law, 1084; Commerce Trust Co. v. Blakely, 274 Mo. 52; Granite Co. v. Fleming, 251 Mo. 210.

GRAVES, J.—The petition is in two counts. The first count appears to be under Section 2535, Revised Statutes 1909, in that it prays for a determination of interests in the real estate involved. This count particularizes as to the adverse claim of the defendant, which is not unusual in actions under the statute, and which is permissible under the statute. The adverse claim of the defendant is that it holds certain unpaid, or partially unpaid, tax bills for improvements of a street touching the property of plaintiffs. Plaintiffs constitute the Board of Trustees for the German Evangelical Church of St. Paul at St. Louis, Missouri.

There was a proceeding to improve Gravois Avenue from Bates Street to Longborough Avenue. It was improved, and in the course of the proceeding, a benefit district was fixed in accordance with the city charter of the City of St. Louis. Upon the completion of the work special tax bill No. 3655 was issued against the property held in trust by the plaintiffs. In accordance with the charter provisions, one-fourth of the amount was charged upon a front-foot basis, and three-fourths upon an area basis, and all within the strict letter of the St. Louis charter provisions. The frontage tax, so assessed was $492.56, and the area tax was $4,107.19.

The tax bill was payable in six installments, two of which were paid prior to this action. The claim by plaintiff is, that as to it, the area tax is invalid, in that it violates the Fourteenth Amendment of the Federal Constitution, and Article II, Section 20, of the State Constitution. It is, in simple terms, an allegation that there was not equal protection to plaintiff, under the laws, both State and Federal. This question, and the question

285 Mo.—36

here involved is not unfamiliar to this court. The charge is, in the first count, that such tax bill is an apparent lien upon the property so held by defendants, and we are asked to determine the interests of the respective parties.

The second count is for the recovery of the area tax already paid in the two installments above mentioned. The front-foot portion of the tax is not questioned, but tender of the remainder thereof is made, and an allegation that the same was refused.

The answer is voluminous, but the questions therein raised are few and simple. These can best be noted in the course of the opinion.

Reply placed in issue the new matter in the answer.

Judgment *nisi* was for plaintiff, on the first count of the petition, and defendant, the holder of the tax bill, has appealed.

This shortly outlines the case.

I. The whole trouble in this case grows out of the area tax assessed against the property held by the plaintiffs. As indicated briefly in the statement, the City of St. Louis passed an ordinance for the improvement of Gravois Avenue, between Bates Street and Loughborough Avenue. This action was under the old charter of St. Louis, and the ordinance fixing the benefit district was within the terms of the charter provision, which provision has been before this court so often that it is a familiar face. Under it, is drawn the lines of a benefit district; the city authorities, when they came to a block of land, as is involved here, were authorized to included in the benefit district such portion of such tract, as would fall within two lines, named in the charter provisions. That is to say, the charter provisions contemplated that one line would be the street to be improved, and the other line (fixed for determining area) would be a line half way between the street improved, and the next parallel or converging street. This on the

Gross Inequalities.

theory, as was true here, that these were parallel, or converging streets on both sides of the street to be improved. If these were not parallel or converging streets upon both sides, then another rule prevailed, not necessary to mention here. The property of plaintiffs had a frontage of 254 feet on Gravois Avenue, and was (for area tax) assessed to a depth of 1,248 feet, the half way line between Gravois avenue, and Morgan Ford road, the next parallel street, some half mile from Gravois. By the old charter it was contemplated that one-fourth of the improvement cost should be on the front-foot basis, and three-fourths on the area basis of the district of benefits to be formed. The plaintiffs' contend that this fixed a ratio of 1 to 3, but in this they may be in error. For the vital questions in this case, this matter is only incidental. In the instant case the frontage tax was $492.56, and the area tax $4,107.19, making the ratio 1 to 9 rather than 1 to 3. The district area, however, might include property not fronting, and therefore those ratios are only incidentally of value here. The real question here is the inequalities, in areas for taxation occasioned by the ordinance, fixing the benefit district, following in literal terms the provisions of the charter, Article VI, Section 14, of the Revised Code of St. Louis (1921) by Rombauer, p. 365-6.

We have passed the point wherein we can say that gross inequalities in area taxes, or assessments for benefits, can be overlooked upon the theory that absolute equality cannot be secured in cases of this kind. [Gast Realty & Inv. Co. v. Schneider Granite Co., 240 U. S. 55.] We cannot expect absolute equality, but we must not tolerate such gross inequalities as will amount to "*distributing a local tax in grossly unequal proportions,* not because of special considerations applicable to the parcels taxed, but *in blind obedience to a rule that requires the result.*" [See Gast case, supra.] It is not necessary to go into the details of the inequalities of the area tax called for by the ordinance before us. It will

suffice to say that an examination of the plat showing the areas within the taxing district, or benefit district, if you so desire to call it, are as grossly disproportionate as in the Gast case, supra. There were parallel or converging streets upon both sides of Gravois Avenue, but upon one side they were close to Gravois Avenue, whilst on the other side, where plaintiff's property was located, it was a half mile to the parallel or converging street. This physical fact made wide divergencies in the areas to be taxed, and in the area taxes which followed.

It is true that we will not declare the old St. Louis charter void, as violative of the Fourteenth Amendment of the Federal Constitution, but we will declare an ordinance, passed in pursuance of the charter provisions void if, under the physical facts, the ordinance fixes a benefit district wherein gross inequalities of benefit taxes results. [Ruecking Const. Co. v. Withnell, 269 Mo. 546.] Such a case we have before us, and we must rule, in obedience to the rule in Gast's case, that so much of the ordinance before us as fixed the area tax in this benefit district is void, as violative of the constitutional provision, supra.

This would end the case, but for other matters urged by appellant, which we will note.

II. Complaint is made about the admission of certain evidence tending to show that whilst the property of plaintiffs was now used as a cemetery, it might, in the near future, have a different use, and thereby call for streets to be run through the same. This testimony is not material on the question considered in the paragaph preceding. The particular use of the property, at the time, nor the prospective future use, can add but little light upon the real question at issue. Whilst this action is one to declare title, it is really equitable in character, because in declaring title the court is asked to find that this tax bill is a cloud upon plaintiff's title, and to remove

<span style="float:left">Immaterial Evidence.</span>

such cloud, and declare absolute title, in trust, to be in plaintiffs, all of which was done. In equity we can here discard the improper evidence, and determine the case upon such evidence as we think was properly admitted. So there is no substance in the objections to admitted evidence.

III.   It is further contended that the plaintiffs are estopped from denying the validity of the ordinance. This plea is dependent upon the following facts.

Estoppel.

January 14th public hearings were had before the Board of Public Improvements, on the theory that it was proposed to improve Gravois Avenue by the use of wooden blocks for the street pavement.   February 13, 1914, the property owners, including one of the plaintiffs, who signed the name of the cemetery association by him as president, petitioned the Board of Public Improvements to have the street improved by the use of vitrified bricks instead of wooden bricks.   All this was before the passage of the ordinance for the improvement of Gravois Avenue.

On March 4, 1914, the ordinance was passed. Nothing in the petition signed by plaintiffs authorized a grossly disproportionate fixing of the area taxes to be paid for the improvement.   This petition referred to the class of material to be used, and nothing further. Plaintiffs did thereafter pay two installments of the combined tax.   By this, we mean that the payments covered both the front-foot tax and the area tax.   Upon these facts rest the pleaded estoppel.

These facts do not show estoppel.   Had all of the plaintiffs signed the petition for vitrified brick, rather than wooden blocks, there would have been no estoppel from the act.   In such case they had the right to assume that a valid, rather than an invalid, ordinance would be passed.   These acts were not such as would amount to estoppel.   [Commerce Trust Co. v. Keck, 223 S. W. l. c. 1057; Perkinson v. Hoolan, 182 Mo. l. c. 194.]

Nor is the act of paying two installments of the illegal area tax one which will estop the plaintiff from

denying the validity of the remaining area tax. [Perkinson v. Hoolan, supra, and Mayes v. Adair County, 194 S. W. l. c. 59.] The mere act of paying a part of an invalid tax, standing alone, does not constitute estoppel. This defense will not avail defendant in this case.

IV. The foregoing covers all substantial issues in this case. Since the case of Gast Realty & Inv. Co. v. Schneider Granite Company, 240 U. S. 55, a case taken up from the judgment of this court, this court has been more limited in its pronouncements as to special tax cases from the City of St. Louis.

Gast Case.

Whilst the Federal court did not hold the St. Louis charter provisions void, it did hold that its strict application in some cases would produce such unjust and unequal results, as would bring the particular ordinance under the ban of the Fourteenth Amendment. It ruled the ordinance void in the Gast case, and for the same reason we must so rule the ordinance void in this case, in so far as the area tax is concerned.

The case was well tried *nisi,* and the judgment will be affirmed. All concur.