EMILY D. STAFFORD, Appellant, v. J. S. SHINABARGAR, JAMES B. ROBIN-
SON as Administrator of the Estate of JAMES B. WORKMAN, and
EUGENE WORKMAN.—81 S. W. (2d) 626.

Division One, April 17, 1935.

*Randolph & Randolph, Thompson & Griswold* and *A. Bowers* for
appellant.

*T. A. Cummings, A. F. Harvey, F. L. Cook, Wright & Ford* and
*Shinabargar, Blagg, Livengood & Weightman* for respondents.

FRANK, J.—Action to cancel a $10,000 note and deed of trust securing it on certain lands in Nodaway County, Missouri, and to decree the title to said lands in fee in plaintiff. The decree below was for defendants and plaintiff appealed.

Defendant, J. S. Shinabargar who was named in said deed of trust as trustee, sold said lands at public auction in accordance with the terms of said deed of trust for $4,000 to Eugene Workman, Charles O. Workman and Amanda Workman.

The petition alleges that prior to and on the date of the execution and recording of said deed of trust plaintiff was the owner of the land in fee; that neither the plaintiff, Emily D. Stafford nor her husband James O. Stafford signed or acknowledged said deed of trust; that said $10,000 note and the deed of trust securing it were both forgeries and for that reason the deed of trust created no lien upon said land and is not binding on plaintiff, but that it does cast a cloud on plaintiff's title and for that reason it should be canceled. The petition further alleges that defendants acquired no title to said lands by their purchase at the sale under said deed of trust, and that equity and justice demand that they be required to produce said fraudulent and forged note and deed of trust in court in order that the court might order them canceled.

The prayer of the petition is as follows:

"WHEREFORE, plaintiff prays for an order of this Court directing the above named defendants to bring into Court said above mentioned attempted, and purported, promissory note and said above mentioned, attempted and purported Deed of Trust and that the Court set aside, cancel and for naught hold said note and deed of trust, and the Court by its decree forever, quiet the title of the above described real estate in this plaintiff against the claims of the defendants and each of them as to any right, title and interest in and to the above described real estate by virtue of said above mentioned attempted promissory note and deed of trust, and for her costs in this behalf expended."

The answer of defendant J. S. Shinabarger alleges that he, as trustee, sold said land in accordance with the terms of said deed of trust to Eugene, Charles and Amanda Workman for $4,000; that

said purchasers tendered to him the amount of their said bid, but on account of the claim of plaintiff that said deed of trust was forged, fraudulent and void, and on account of threats of suit against him by plaintiff, he refused to accept the purchase price tendered by the purchasers, and refused to execute to them a trustee's deed to said lands, but stands ready and willing to do so upon direction of the court. The prayer of his answer is that the court direct him as to his duties in the premises and protect his interest therein.

The answer of defendant, Eugene Workman alleges a state of facts which, if true, show that the $10,000 note and deed of trust securing it were both executed by plaintiff and her husband, and are both valid and binding instruments, and that plaintiff received the full consideration of $10,000 therefor. The prayer of defendant's answer is as follows:

"WHEREFORE, this defendant prays the court to hear and determine all matters presented to the court by plaintiff's petition and the separate answers of the defendants; that upon such hearing the court will adjudge and decree that the said $10,000 note and deed of trust mentioned in plaintiff's petition and in his answer and in the answer of the other defendants are not forgeries, but on the contrary are the true and lawful acts of plaintiff and her said husband, and they are in all respects lawful and binding; and this defendant further prays the court to adjudge and decree that the aforesaid foreclosure of the said deed of trust by the defendant J. S. Shinabargar as trustee is and was a lawful sale of the said land by the said trustee, and that he, the said trustee be ordered and directed by the court to execute and deliver to the said Eugene Workman, Amanda Workman and Charles O. Workman, a trustee's deed, conveying to them the aforesaid lands; upon the payment to the said trustee of the purchase price thereof bid at said sale and for all other and proper relief."

When the case was called for trial plaintiff demanded a jury which the court refused. The case was tried before the court sitting as a chancellor. The chancellor found the facts to be as alleged in defendants' answer and entered the following decree:

"WHEREFORE, it is ordered, adjudged and decreed by the court that the deed of trust and note mentioned in plaintiff's petition, are and constitute a valid and subsisting instrument and that default has been made in the payment thereof, in accordance with its terms, and that the act of the said J. S. Shinabargar, trustee, named in said deed of trust, are valid and binding and the said trustee, J. S. Shinabargar, is hereby ordered and directed to execute and deliver to the purchasers, Eugene Workman, Amanda Workman and Charles O. Workman, a trustee's deed, conveying to them the above described land upon the payment to the said trustee of the purchase price thereof

and the said plaintiff's petition be dismissed and the defendants go hence without day and recover their costs herein expended from the plaintiff.''

The sole complaint made on this appeal is that the court erred in denying plaintiff the right of trial by jury.

Appellant's contention, placed in the language of her brief is that, ''This action to quiet title where both parties claim the legal title and neither side set up any equitable title, is a law case and should be tried by a jury unless a jury is waived by the parties.''

■ The settled law of this State is that an action to quiet title may be either at law or in equity, according to the issues tendered by the pleadings. [Jacobs v. Waldron, 317 Mo. 1133, 1137, 298 S. W. 773, and cases cited.] The only issue presented by the pleadings in the case at bar is whether or not the deed of trust should be canceled. The only blot claimed to be on the title is the cloud created by the alleged fraudulent and forged deed of trust. The prayer of the petition asks that the note and deed of trust be canceled. It is true that the prayer asks that the title be quieted in plainiff, but only as to any claim of defendants by virtue of said note and deed of trust. Note that part of the prayer:

''And the court by its decree forever quiet the title of the above described real estate in this plaintiff against the claims of the defendants and each of them *as to any right, title and interest in and to the above described real estate by virtue of said above mentioned attempted note and deed of trust*, and for her costs in this behalf expended.'' (Italics ours.)

■ The most that can be said of plaintiff's petition is that it states a cause of action to quiet the title in plaintiff by canceling the note and deed of trust. The sole complaint in the petition is that defendants claim title by virtue of a sale under the alleged fraudulent deed of trust. The petition asks that the note and deed of trust securing it be canceled. The cancellation of the note and deed of trust would quiet the title in plaintiff against defendants' claim of title by virtue of the sale under the deed of trust, and that is exactly what the petition asks the court to do. It is true that plaintiff asks that the title be quieted in her, but she asks the court to do so by canceling the note and deed of trust. Such an action is in equity and not at law. A case parallel in principle was decided by this court in Wetterau v. Farmers' & Merchants' Trust Co., 285 Mo. 555, 226 S. W. 941. The character of action there considered is shown by the following quotations from the opinion in that case.

''The petition is in two counts. The first count appears to be under Section 2535, Revised Statutes 1909, in that it prays for a determination of interests in the real estate involved. This count particularizes as to the adverse claim of the defendant, which is not unusual in

actions under the statute, and which is permissible under the statute. The adverse claim of defendant is that it holds certain unpaid, or partially unpaid, tax bills for improvements of a street touching the property of plaintiffs. Plaintiffs constitute the board of trustees for the German Evangelical Church of St. Paul at St. Louis, Missouri."

In the cited case the appellant contended that error was committed in the admission of certain immaterial evidence. In ruling that contention against appellant, this court, among other things said:

"Whilst this action is one to declare title, it is really equitable in character, because in declaring title the court is asked to find that this tax bill is a cloud upon plaintiff's title, and to remove such cloud, and declare absolute title, in trust, to be in plaintiffs, all of which was done. In equity we can here discard the improper evidence, and determine the case upon such evidence as we think was properly admitted. So there is no substance in the objection to admitted evidence."

An examination of the cited case shows it to be the same character of action as the one at bar. The holding in the cited case that it was equitable in character is sound. We follow that ruling and hold that the case at bar is in equity, and for that reason the chancellor did not err in denying plaintiff's request for a jury trial.

The decree below should be affirmed. It is so ordered. All concur.