## EMMA WATHEN RANNEY v. CITY OF CAPE GIRARDEAU, Appellant.

**Division One, March 3, 1914.**

1. **APPELLATE JURISDICTION: Constitutional Question.** In order to bring an appeal within the jurisdiction of the Supreme Court on a constitutional ground it must appear that a determination of a constitutional question is essential to a proper decision of the case.

2. ———: ———: **Must Be Ruled Below.** Usually in order to give the Supreme Court jurisdiction of an appeal on a constitutional ground it must appear from the record that a constitutional question was not only raised in the trial court but was ruled on to the disadvantage of the party appealing.

3. ———: ———: **Special Tax Bill: Uniformity of Taxation.** The section of the Constitution declaring that taxes "shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and all taxes shall be levied and collected by general laws, does not apply to special benefit assessments for street improvements. Special assessments for local improvements, while, in a broad sense, referable to the taxing power, are not taxes for public purposes or taxes at all within the purview and sense of the article of the Constitution pertaining to revenue and taxation. This has been the uniform ruling of this court in numerous cases, and the point that a suit on a special tax bill involves the construction of the clause of the Constitution providing for uniformity of taxation is so far classed as *stare decisis* as to deprive the Supreme Court of jurisdiction, on constitutional grounds, of an appeal in a suit on a special tax bill for a few hundred dollars.

Appeal from Cape Girardeau Court of Common Pleas —*Hon. J. L. Fort,* Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*M. A. Dempsey* and *R. H. Whitelaw* for appellant.

*Wilson Cramer* for respondent.

LAMM, J.—Mrs. Ranney, in the Cape Girardeau Common Pleas Court, sued the city of Cape Girardeau

in equity. The life of her bill was to have certain benefit assessments for street improvements and the tax bills issued therefor declared null and void on seventeen grounds. Some of those grounds related to the absence of a publication of a preliminary resolution declaring the street improvements necessary; some, to the fact that the work was not let to the lowest bidder; some, to the absence of any estimate of the cost of the improvements; some, to omissions. and inadvertences of the city clerk; some, to imperfect property descriptions; some, to informalities in the tax bills; some, to the fact that the ordinance was not presented to the mayor for his approval or signature (Cape Girardeau being a city of the third class) nor was such signature attached to the ordinance providing for the work; some, to other defects of the ordinance; some, to imperfections in the plan adopted for assessment of benefits; some, to the partiality of the committee under whose supervision the work was done; some, to an alleged illegal exemption of the property of a street railway company; yet others related to other alleged illegalities of the ordinance providing for the work; and, finally, complaint is made of certain omissions and neglects of the street commissioner.

In connection with one or two of said specifications the bill avers that sec. 3 of art. 10 of the Constitution, **Appellate Jurisdiction.** relating to uniformity of taxation, was violated.

Defendant demurred and, its demurrer being overruled, then answered, admitting some and denying other allegations of the bill, then making certain averments of alleged facts supposed to establish the validity of the tax bills and assessment, among them estoppel. No constitutional point was raised on behalf of defendant.

The court decreed the ordinance authorizing the work to be null and void, as well as the tax bills issued

thereon against plaintiff's property, and that the latter, involving a hundred or two dollars, be cancelled. It is not apparent that the decree decided any constitutional question adversely to appellant. So, in neither the motion in arrest nor for a new trial was complaint made that defendant (appellant) had been denied the benefit of any constitutional provision.

On those motions being overruled, defendant excepted and in due time perfected its appeal to the St. Louis Court of Appeals. In that court respondent took up the constitutional cudgels (seemingly refused by appellant) by filing a motion to transfer the cause to this court on the ground that the determination of the cause involves the construction of section 3, article 10, of the Constitution. That section reads: "Taxes may be levied and collected for public purposes only. They shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and all taxes shall be levied and collected by general laws."

Presently that motion was sustained and the cause was transferred to this court by the mandate of that court, in which it is recited as follows: "Now at this day, because a constitutional question is involved, it is considered and adjudged by this court that this cause be transferred to the Supreme Court of Missouri."

It is of significance that in briefs filed in the St. Louis Court of Appeals and in this court we perceive no point made on either side that a constitutional question is involved.

On such record a question springs spontaneously at the threshold, viz.: Has this court jurisdiction? We are of opinion it has none whatever and that the cause must be retransferred to the St. Louis Court of Appeals which alone has jurisdiction to decide it. This, because:

(a) In order to bring an appeal within our jurisdiction on a constitutional ground it must appear that

a constitutional question is *essential* to the determination of the case. [Miller v. Connor, 250 Mo. 1. c. 683, and cases there cited.]   Under that rule jurisdiction does not belong here.

(b)   Another rule is that it must appear from the record that a constitutional question was not only raised in the trial court but was ruled on to the *disadvantage of the party appealing.* [Miller v. Connor, supra, 1. c. 684, and cases therein cited.]   There may be exceptions, but the present case falls within none of them and under that general rule jurisdiction does not belong in this court.

(c)   But there is another insurmountable obstacle to the jurisdiction of the Supreme Court, to-wit:   The constitutional provision invoked does not apply to special benefit assessments for street improvements, hence there is no constitutional question in the case. As said, the constitutional question is that the ordinance plan for assessing special benefits and issuing tax bills violates section 3, article 10 of the Constitution.   That section ordains that taxes may be levied and collected for public purposes only, must be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and that all taxes shall be levied and collected by general laws. The whole of article 10, of which section 3 forms a part, is *in pari materia* and relates to revenue and taxation.   But, unfortunately for the constitutional point raised by respondent, it has been always ruled that under our former constitutions special benefit assessments for local improvements do not come within the purview of constitutional provisions relating to levying taxes in proportion to the value of the property (now section 4, article 10, Constitution) and it has always been ruled that under our present Constitution the uniformity therein prescribed (section 3, supra, a new provision) has no reference whatever

to special assessments for local improvements nor have any of the other sections of article 10, supra.

The accepted doctrine is that special assessments for local improvements, while, in a broad sense, referable to the taxing power, are not taxes for public purposes or taxes at all within the purview and the sense of the constitutional provision invoked or within the sense and purview of other sections of the article on revenue and taxation. The question, in one or another phase, has been here often and, it is believed, has been judicially approached from every conceivable angle, always with the one result already announced. That respondent's eminent counsel has inadvertently led our esteemed and learned brethren of the St. Louis Court of Appeals into error in supposing that a construction of section 3, article 10, of the Constitution is involved in this case, becomes plain from the standpoint of both precedent and reason by consulting an unbroken line of cases beginning at least as early as 1856 and extending down to our last delivery in Banc, as the following cases verify: Lockwood v. St. Louis, 24 Mo. 20; Garrett v. St. Louis, 25 Mo. 505; Newby v. Platte County, 25 Mo. 258; Egyptian Levee Co. v. Hardin, 27 Mo. l. c. 498 et seq.; Sheehan v. Good Samaritan Hospital, 50 Mo. 155; City of St. Louis v. Allen, 53 Mo. l. c. 52 et seq.; Farrar v. St. Louis, 80 Mo. l. c. 386 et seq. (where the authorities up to that date are collated and considered); Adams v. Lindell, 5 Mo. App. l. c. 212 et seq., 72 Mo. 198; City of St. Joseph v. Owen, 110 Mo. l. c. 454 et seq.; City of Independence v. Gates, 110 Mo. l. c. 380 et seq.; Keith v. Bingham, 100 Mo. l. c. 306; Lamar W. & E. L. Co. v. City of Lamar, 128 Mo. l. c. 218 et seq.; Kansas City v. Bacon, 147 Mo. l. c. 282; Heman v. Allen, 156 Mo. l. c. 546 et seq.; Barber Asphalt Paving Co. v. French, 158 Mo. l. c. 554 et seq.; Meier v. St. Louis, 180 Mo. l. c. 408; Construction Co. v. Railroad, 206 Mo. l. c. 179; Construction Co. v. Shovel Co., 211 Mo. l. c.

531 et seq.; Board of Commissioners of Tuberculosis Hospital District of Buchanan County v. Peter, 253 Mo. 520.

In those cases (some in one and some in another) the definition of taxes in a constitutional sense is laid down, the inherent difference between a public tax levied as an impost for governmental purposes and a special assessment for a mere local improvement is pointed out and established, the constitutional provision in judgment here is construed on the reason and philosophy of the matter against its application to special benefit assessments, and the question in hand is foreclosed once for all. We will not reopen it in order to take jurisdiction at this late day. *Stare decisis.*

The premises all considered, the cause should be retransferred to the St. Louis Court of Appeals for final disposition. It is so ordered. All concur.