WILLIAM R. BUSH CONSTRUCTION COMPANY, Respondent and Appellant, v. WILLIAM W. WITHNELL et al., Appellants and Respondents..

No. 13744.

St. Louis Court of Appeals.    Argued and Submitted October 8, 1914.    Opinion Filed November 3, 1914.

1. COURTS OF APPEALS: Determination of Jurisdiction.    A court of appeals not only has authority to determine whether a case is within its jurisdiction, but is bound to do so.

2. JURISDICTION: Consent.    Jurisdiction of the subject-matter cannot be conferred by consent.

3. SUPREME COURT: Jurisdiction: Construction of Federal Statute.    In an action to enforce the lien of a special taxbill for street construction work, defendants alleged that the district upon which a part of the cost was assessed was not established according to the provisions of the city charter; that, if it had been so established, defendants' property would not have been included; that the boundary of the district was so drawn that defendants' property would be assessed for the improvement of such street, and also for the improvement of another street when opened, while other property similarly situated was not assessed; that the assessment was in substantial excess of any benefit, and amounted to confiscation of private property for public use, and a taking of property without due process of law, in violation of the Fourteenth Amendment to the Constitution of the United States; that if the district was correctly defined under the charter, the charter violated said amendment; that the charter afforded no opportunity to the landowners to be heard, and therefore violated said amendment; that defendants were afforded no opportunity

to be heard; and that the enforcement of the assessment would result in the taking of their property without due process of law, in violation of said amendment. Judgment having been rendered against defendants, they filed a motion for a new trial in which they reasserted the same claims that their rights under the Federal Constitution had been invaded that were pleaded in the answer, and this motion being overruled, they appealed to the Court of Appeals. *Held*, that questions concerning the construction and application of the Constitution of the United States were involved, within the provision of the State Constitution (Sec. 12, Art. VI) vesting exclusive jurisdiction in the Supreme Court in cases in which the construction of the Federal Constitution are involved, and hence the case should be transferred to the Supreme Court.

Appeal from St. Louis City Circuit Court.—*Hon. W. B. Homer*, Judge.

TRANSFERRED TO THE SUPREME COURT.

*Edw. C. Kehr* for Wm. R. Bush Construction Company, respondent and appellant.

*E. T. & C. B. Allen* for Wm. W. Withnell et al., appellants and respondents.

REYNOLDS, P. J.—Action to enforce the lien of a special tax bill issued against certain property in city block 2655, of the city of St. Louis, in part payment for work done in street construction within the district in which the property sought to be affected is located. The bill calls for $3783.09. Averring the issue of the taxbill and notice and demand of payment thereof, that the bill was payable in installments, that default had been made in payment of the first and second installments, plaintiff avers that, exercising the option given it by the Charter of the city, it declared the remaining installments due. Averring that it is the owner of the tax bill, plaintiff demands judgment for the amount of the tax bill with interest.

The amended answer upon which the case was tried, after a general denial, avers—

First, that the district in respect to which three-fourths of the cost of the improvement had been assessed against the area thereof and in which the property mentioned was included, had not been established according to the provisions of the Charter of the city of St. Louis, in that the eastern boundary line of the district was drawn more than 300 feet east of Compton avenue and was drawn so as to include land situated in city block 2655, that being separated from the street to be.impoved by city block 2454 and not adjoining or fronting on said street to be improved, whereas if the line had been drawn in accordance with the provisions of the Charter midway between Compton avenue and Michigan avenue, or if it had been deflected so as to include all the property of the Franciscan Brothers adjoining or fronting on Compton avenue, then no part of the property of defendants would have been located in the district.

Second, that the property sought to be charged is a tract of land lying between Chariton street on the south and Meramec street on the north, bounded by the property of the Ladies of the Sacred Heart on the east and by Michigan avenue, as proposed, on the west; that Minnesota avenue is an opened street up to the southern boundary of defendants' property, and is marked on the city maps as extending through and cutting off the western thirty feet of the property, but as yet has not been opened through defendants' property although it extends both north and south from defendants' property; that instead of defining the eastern boundary of the district as heretofore indicated, or at an equal distance on the east from Compton avenue as the line was drawn on the west of Compton avenue, or drawing the line 300 feet east of Compton avenue, the eastern boundary line was drawn midway between Compton and Nebraska avenues,

the result being that the property that is now
assessed to pay for the improvement of Comp-
ton avenue wil also be assessed to pay for the
improvement of Michigan avenue, when opened, as well
as to pay for the improvement of Minnesota and Penn-
sylvania avenues when extended; that none of the prop-
erty between Neosho and Chariton streets, lying imme-
diately south of defendants' property and east of Mich-
igan avenue is assessed for this improvement at all
while all of defendants' property between Chariton and
Meramec streets, east of Michigan avenue, is assessed,
the total cost of the improvement being $24,942, of
which amount $3783.09 is assessed against defendant's
property.

Third, that this charge "is in substantial excess of
any possible benefit to defendants' property, and pre-
sents such peculiar and extraordinary hardships as
amounts to actual confiscation of private property for
public use, and constitutes taking property without
due process of law, in violation of the Fourteenth
Amendment of the Constitution of the United States."

Fourth, that a large amount of real estate belong-
ing to other persons located with reference to Compton
avenue similarly, and of a like proximity and value to
defendants' property, is not assessed or included in
any tax bill for any part of the cost of the improve-
ment; that if the district is correctly defined, and in
accordance with the provisions of article VI, section
14, of the Charter of the city of St. Louis, then that
section is void and unconstitutional for the reason that
it violates section 1, article XIV, of the amendments
to the Constitution of the United States, in depriving
defendants of their property without due process of
law, by denying to defendants the equal protection of
the law, by subjecting all defendants' property to the
lien of this assessment, and in not subjecting to said
lien other land adjoining Compton avenue similar in

location and value to defendants'; that said section of the article is also unconstitutional for the reason that it violates the above section to the amendments to the Constitution of the United States, by denying to defendants the equal protection of the laws in this: That section 14, article VI, of the Charter operates to divide all property contiguous to the street to be improved into lots which have not been subdivided by the owners and to impose an arbitrary, unjust and unlawful assessment on property which has not been divided into lots.

Fifth, that the provisions of the Charter of the city of St. Louis afford no opportunity to the landowner to be heard upon the establishment of the district or upon whom the tax shall be levied, the amount of the benefits, the making of the assessment or the apportionment thereof, and hence these Charter provisions are in violation of the Fourteenth amendment to the Constitution of the United States which forbids the taking of property without due process of law.

Sixth. From the beginning to the end of the proceedings under which this tax was levied, the defendants were not afforded an opportunity to be heard on the establishment of the district, the benefits derived, upon whom the tax should be levied, the making of the assessment, and its apportionment, and that the enforcement of the case, will result in the taking of defendants' property without due process of law, in violation of the Fourteenth Amendment to the Constitution of the United States.

To this a general denial by way of reply was filed.

The cause was tried by the court without the intervention of a jury and resulted in a judgment in favor of plaintiff sustaining the special tax bill in the amount of $4768.38, and holding it to be a lien against the property, but not allowing interest as claimed by plaintiff.

The court further found in favor of plaintiff and against defendants on the issues presented in the answer, denying defendants the affirmative relief there prayed. In due time plaintiff filed a motion for a new trial in which it attacks the finding, in that it excluded interest as demanded by plaintiff. Defendants also duly filed their motion for a new trial, assigning as reasons: First, that on the evidence the court erred in rendering any judgment against defendants' property, when on the undisputed facts in the case, the cause was prematurely brought; hence it is claimed the judgment should have been for defendants. The claims under the Constitution of the United States, as set out in the amended answer, are again put forward as the second, third, fourth, sixth and seventh grounds upon which a new trial is asked. The remaining six grounds are the usual assignments of error and need not now be here stated. Defendants also filed a motion in arrest of judgment on the ground that upon the entire record in the case the judgment is erroneous. Both these motions, as also that of the plaintiff, were overruled and each party, saving exception to the adverse rulings of the court, have appealed to our court.

Upon the opening of the case before us at bar, we raised the question as to the jurisdiction of our court, on the ground that it appeared from the statement of counsel that a construction of the Constitution of the United States was necessarily involved in the determination of the case. Counsel for defendants earnestly insisted that that was a wrong view; that what he sought by his answer was the application of the constitutional provisions so as to relieve his clients from an unjust and excessive and confiscatory burden. With grave doubt as to our jurisdiction, we proceeded to hear the case argued on its merits, taking it, at the conclusion of the argument, subject to further examination into the question of jurisdiction. On applica-

tion of counsel for defendants, we gave leave to that counsel to submit a further brief on the question of jurisdiction, of course, also being willing to hear from counsel for plaintiff, if he desired to submit an argument or brief on that point, of which leave he has not availed himself.

The learned counsel for defendants have now submitted their brief on the question of jurisdiction and with it before us, and aided by it in our investigation, we have given the question careful consideration. We not only have authority to determine whether a case is within our jurisdiction, as see State ex rel. Excelsior Powder Mfg. Co. v. Ellison et al., Judges, etc. (not yet officially reported, but see 168 S. W. 1174), but we were bound so to do; for it goes without saying that consent of parties or of counsel cannot confer jurisdiction, and that all courts have the undoubetd right, *sua sponte,* to inquire into a question affecting their jurisdiction.

Our conclusion is that on the issues presented by the amended answer in this case, it is impossible to adjudicate the cause without construing the Constitution of the United States, as that Constitution affects and applies to the claim of defendants here. They have both by answer and by their motion for a new trial, specifically and in due time, invoked the protection of named articles of that Constitution against the enforcement of this lien; they distinctly claim that the effect of the imposition of this tax upon their property is, in the manner in which it was done, to deprive them of their property without due process of law, and that its effect is to take their private property for a public use without just compensation, and to deprive them of the equal protection of the law; that they are discriminated against, as respects other citizens. All these are to be settled by construction of the Constitution of the United States, as applied to the facts

pleaded; the result must depend upon the construction of the sections of that Constitution specified.

One of the cases relied upon by learned counsel for plaintiffs is that of New Orleans v. Benjamin, 153 U. S. 411. In that case Mr. Chief Justice Fuller delivering the opinion of the court has said (l. c. 424):

"When a suit does not really and substantially involve a dispute or controversy as to the effect or construction of the Constitution, upon the determination of which the result depends, then it is not a suit arising under the Constitution. (Citing cases.) The judicial power extends to all cases in law and equity arising under the Constitution, but these are cases actually and not potentially arising, and jurisdiction cannot be assumed on mere hypothesis. In this class of cases it is necessary to the exercise of original jurisdiction by the circuit court that the cause of action should depend upon the construction and application of the Constitution, and it is readily seen that cases in that predicament must be rare."

We find nothing in the other cases cited which in any way negatives or qualifies this very clear exposition.

Learned counsel for defendants argue in support of the jurisdiction of our court that it would seem that the question here presented does not involve a construction of the Federal Constitution, "but simply its application and effect." If we understand the above cited decision correctly, when the question of the construction and application of the Constitution is involved, then it is a case of which original jurisdiction is vested in the courts of the United States. It is true that the provisions of the United States Judiciary Act are somewhat different and are rather broader than the provisions of our own Constitution, but in our own Constitution clear and unmistakable language vests exclusive appellate jurisdiction in our Supreme Court "in

cases involving the construction of the Constitution of the United States,'' while the Federal Judiciary Act vests jurisdiction over cases ''arising under the Constitution of the United States.''

We are unable to understand how we can determine this case and the claim made by these defendants, without determining these questions: Has the action of the municipal officers of the city of St. Louis been of such a character as to impose an undue burden upon the property of these defendants? Has that action in its application had the effect of confiscating, *pro tanto,* the property of these defendants? Is a certain provision of the city Charter unconstitutional? These are, in part, the questions submitted to us. To determine whether they have done so or not, may be, as urged by counsel, a question of fact, but that is only partly so, and goes to the question of the amount of the tax bill. But that does not answer or meet all of them. If the question of fact is held adversely to defendants, then the question is certainly presented as to whether the effect of the act has been to take their property without due process of law or to deny to them the equal protection of the laws. To determine these, we must resort both to a construction and the application of the Constitution of the United States—that is, are defendants protected against such acts by the provisions of the Constitution of the United States? The case, to our mind, necessarily involves the construction of the Constitution of the United States and its application to the facts.

In the investigation of the questions here involved, we have given careful consideration to the very recent decision of our Supreme Court in Ranney v. City of Cape Girardeau, 255 Mo. 514, 164 S. W. 582. With that case and the multitude of cases there cited before us, we do not think either this case is within our jurisdiction or that all of the questions here presented as arising under the Constitution of the United States have been passed upon or settled in such a manner as that

they may be said to have been concluded by any decision of our Supreme Court. Indeed, we are not aware of any case which has been determined by our Supreme Court in which the questions here involved, and as here presented, and which we have particularized, have been before or adjudicated by that court.

There is presented the question as to the constitutionality of the Charter provision. But counsel concede that this question has been fully settled adversely to their claim. We are therefore not concerned with that question. But we think other questions remaining, as above indicated, are such as deprive us of jurisdiction.

For these reasons we feel compelled to transfer this cause to the Supreme Court of our State, and it is so ordered. *Nortoni* and *Allen, JJ.,* concur.

