# GAST REALTY AND INVESTMENT COMPANY *v.*
# SCHNEIDER GRANITE COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 211. Argued January 21, 1916.—Decided January 31, 1916.

The legislature may create taxing districts to meet the expense of
·local improvements without encountering the Fourteenth Amend-
ment unless its action is palpably arbitrary or a plain abuse.

The law does not attempt an imaginary exactness or go beyond reason-
able probabilities in establishing taxing districts.

A law establishing a taxing district under which there is no reasonable
presumption that substantial justice will be done, but under which
parties will probably be disproportionately. taxed cannot stand as
constitutional against one actually so taxed.

The ordinance of St. Louis authorized by the charter of that city levy-
ing part of the cost of paving on property fronting on the street but

based on area without providing for equal depth of the assessment district results necessarily, and not merely incidentally, in subjecting owners of property having greater depth than that adjoining them to greater and disproportionate taxation and is unconstitutional under the Fourteenth Amendment.

This decision is limited to the particular ordinance before the court and to those who, like the property owner in this case, have suffered from inequalities which have no justification in law.

259 Missouri, 153, reversed.

THE facts, which involve the construction and constitutionality under the Fourteenth Amendment of certain provisions in the charter and a street paving ordinance of the City of St. Louis, Missouri, are stated in the opinion.

*Mr. Thomas G. Rutledge* and *Mr. David Goldsmith*, with whom *Mr. Robert A. Holland, Jr.*, and *Mr. J. M. Lashly* were on the brief, for plaintiff in error.

*Mr. Hickman P. Rodgers*, with whom *Mr. William K. Koerner* were on the brief, for defendant in error:

The provisions under which this assessment was made are not repugnant to the Fourteenth Amendment. *Shumate* v. *Heman*, 181 U. S. 402; *French* v. *Barber Asphalt Paving Co.*, 181 U. S. 324; *Schulte* v. *Heman*, 189 U. S. 507.

An assessment against all the ground within an improvement district will not be overthrown merely because one part of ground within the district may have received greater benefit from the improvement than another part; nor for the reason that the improvement does not adjoin or abut a particular piece of ground within such district. *Davidson* v. *New Orleans*, 96 U. S. 97; *Kelly* v. *Pittsburg*, 104 U. S. 78; *Hager* v. *Reclamation District*, 111 U. S. 701; *Spencer* v. *Merchant*, 125 U. S. 345; *Fallbrook Irrigation District* v. *Bradley*, 164 U. S. 112; *Cleveland &c. R. R.* v. *Porter*, 210 U. S. 177, 184.

The question as to whether a particular piece of property is benefited by a local improvement and to what

extent is legislative, and not subject to judicial review. *Spencer* v. *Merchant, supra; Webster* v. *Fargo,* 181 U. S. 394; *French* v. *Barber Paving Co.,* 181 U. S. 324; *Chadwick* v. *Kelly,* 187 U. S. 540, 545; *Schaefer* v. *Woerling,* 188 U. S. 516.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit to collect a tax for paving Broadway, a street in St. Louis, levied upon land of the defendants fronting upon that street. The plaintiff, defendant in error, did the work, received an assignment of the tax and got a judgment for the amount. The only question here is whether the ordinance levying the tax under the charter of the city is consistent with the Fourteenth Amendment of the Constitution of the United States. The charter provides that one-fourth of the total cost shall be levied upon all the property fronting upon or adjoining the improvement according to frontage and three-fourths according to area upon all the property in the district ascertained as follows: "A line shall be drawn midway between the street to be improved and the next parallel or converging street on each side of the street to be improved, which line shall be the boundary of the district, except as hereinafter provided, namely: If the property adjoining the street to be improved is divided into lots, the district line shall be so drawn as to include the entire depth of all lots fronting on the street to be improved. . . . If there is no parallel or converging street on either side of the street improved, the district lines shall be drawn three hundred feet from and parallel to the street to be improved; but if there be a parallel or converging street on one side of the street to be improved to fix and locate the district line, then the district line on the other side shall be drawn parallel to the street to be

improved and at the average distance of the opposite district line so fixed and located." The defendants' land has a frontage on the west side of Broadway of 1083.88 feet out of a total in the district constituted said to be 4372 feet. It is an undivided tract extending back nearly a thousand feet to Church Road. On the south the adjoining property was divided into lots of small depth, and on the opposite side of Broadway the next parallel street was about 300 feet from Broadway. The ordinance establishing the taxing district treated Church Road as the next parallel street within the meaning of the charter, and included the defendants' tract to a depth of between four and five hundred feet, while the small lots next to it were included to only about 100 feet, the opposite lots to about 150 feet and another undivided tract on the east of Broadway, was included by average distance to a depth of 240 feet. The ordinance establishing these lines was held to follow the charter and to be consistent with the Fourteenth Amendment by the Supreme Court of the State. 259 Missouri, 153.

The legislature may create taxing districts to meet the expense of local improvements and may fix the basis of taxation without encountering the Fourteenth Amendment unless its action is palpably arbitrary or a plain abuse. *Houck* v. *Little River Drainage District*, 239 U. S. 254, 262. The front-foot rule has been sanctioned for the cost of paving a street. In such a case it is not likely that the cost will exceed the benefit, and the law does not attempt an imaginary exactness or go beyond the reasonable probabilities. *French* v. *Barber Asphalt Co.*, 181 U. S. 324. *Cass Farm Co.* v. *Detroit*, 181 U. S. 396, 397. So in the case of a square bounded by principal streets the land might be assessed half way back from the improvement to the next street. *Louis. & Nash. R. R.* v. *Barber Asphalt Paving Co.*, 197 U. S. 430. But as is implied by *Houck* v. *Little River Drainage District* if the

law is of such a character that there is no reasonable presumption that substantial justice generally will be done, but the probability is that the parties will be taxed dis-. proportionately to each other and to the benefit conferred the law cannot stand against the complaint of one so taxed in fact. *Martin* v. *District of Columbia*, 205 U. S. 135, 139.

The city of St. Louis is shown by this case and by others in the Missouri reports to contain tracts not yet cut into city lots, extending back from streets without encountering a parallel street much farther than the distance within which paving could be supposed to be a benefit. See, for instance, *Gilsonite Roofing Co.* v. *St. Louis Fair Association*, 231 Missouri, 589. *Granite Paving Co.* v. *Fleming*, 251 Missouri, 210. *Loth* v. *St. Louis*, 257 Missouri, 399. *Bush Construction Co.* v. *Withnell*, 185 Mo. App. 408. The ordinance, following the charter as construed, established a line determining the proportions in which the tax was to be borne that, after running not a hundred feet from the street, leaped to near five hundred feet when it encountered such a tract, and on the opposite side of the street was one hundred and fifty and two hundred and forty feet away. The differences were not based upon any consideration of difference in the benefits conferred but were established mechanically in obedience to the criteria that the charter directed to be applied. The defendants' case is not an incidental result of a rule that as a whole and on the average may be expected to work well, but of an ordinance that is a farrago of irrational irregularities throughout. It is enough to say that the ordinance following the orders of the charter is bad upon its face as distributing a local tax in grossly unequal proportions not because of special considerations applicable to the parcels taxed but in blind obedience to a rule that requires the result. And it cannot be said that the ordinance as a whole may be regarded as an individual

exception under a rule that promises justice in all ordinary cases. The charter provisions as applied to a city like St. Louis must be taken to contemplate such ordinances under the construction given to it by the state courts.

*Judgment reversed.*

By stipulation of counsel the same judgment will be entered in case No. 210.

MEMORANDUM ON PETITION FOR REHEARING, MARCH 20, 1916.

MR. JUSTICE HOLMES: Our decision is limited, of course, to the particular ordinance before the court; to the assessment of three quarters determined in the mode described, and to those who, like the plaintiff in error, have suffered from the inequalities that have no justification in law.

*Motion for leave to file petition denied.*