### ROAD IMPROVEMENT DIST. NO. 1 OF FRANKLIN COUNTY, ARK., et al., v. MISSOURI PAC. R. CO.

(Circuit Court of Appeals, Eighth Circuit. September 29, 1924.)

No. 6533.

1. **Constitutional law**  ⊛⟶290(1) — **Highways** ⊛⟶139 — **Railroad in highway improvement district could not be taxed on mileage basis where other lands were taxed on acreage basis.**

Railroad in road improvement district in Arkansas established under act contemplating assessments on basis of benefits could not be taxed upon mileage basis where other lands were taxed on acreage basis, evidence showing that highway improvement was detriment rather than benefit to railroad; such being a denial of equal protection of law.

2. **Highways**  ⊛⟶143—**Arbitrary assessment involving protection of law cannot be validated by statute.**

Rule that acts of Legislature confirming assessments places matter beyond control of courts does not apply where assessment against railroad by highway improvement district is arbitrary, unwarranted, and reflects confiscation of property and denial of equal protection of law.

3. **Compromise and settlement**  ⊛⟶5(1)—**Contention that court should have ratified and approved attempt to compromise without merit where compromise was not effected prior to suit.**

There was no merit in contention that court should have ratified and approved attempt to compromise, which compromise was not effected prior to institution of suit.

4. **Appeal and error**  ⊛⟶1009(3)—**Findings of court sitting as chancellor presumptively correct.**

Findings of court sitting as chancellor and hearing conflicting evidence are presumptively correct on appeal, unless there is made to appear obvious error of law or serious mistake of fact.

Appeal from the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

Suit by the Missouri Pacific Railroad Company against Road Improvement District No. 1 of Franklin County, Ark., and others. Decree for plaintiff, and defendants appeal. Affirmed.

Dave Partain, of Ozark, Ark. (G. C. Carter, of Ozark, Ark., on the brief), for appellants.

Thomas B. Pryor, of Ft. Smith, Ark. (Edward J. White, of St. Louis, Mo., on the brief), for appellee.

Before SANBORN and LEWIS, Circuit Judges, and KENNEDY, District Judge.

KENNEDY, District Judge. This is a suit in equity brought by the Missouri Pacific Railroad Company, appellee here, in the District Court of the United States for the Western District of Arkansas, seeking to restrain the collection of assessments for highway improvements attempted to be put in force and effect by road improvement district No. 1 of Franklin county, Ark., and its commissioners, appellants here. The allegations of plaintiff's bill of complaint were met by answer of the road improvement district and its commissioners, and the case proceeded to a final hearing, upon which the trial court granted a permanent injunction against the collection of the assessment.

The decree of the trial court contains findings in substance that the assessment of the tax in controversy is illegal, unlawful, and therefore unenforceable, in that the assessment against the property of the railroad company is erroneously placed upon a mileage basis, in contradistinction to the assessment against other real estate in the district which is upon an acreage area basis, making the assessment against the railroad company arbitrary and discriminatory and resulting in a denial to the defendant of equal protection of the laws; that no direct benefit on account of the construction of the highway would result to the railroad company, but that any benefit attempted to be shown was indirect, remote, doubtful, and speculative in its nature, and that a purported agreement between the railroad and the commissioners attempting to fix the benefits upon a mileage basis was void.

The road improvement district brings the case here on appeal, alleging error in the court's determination of the controversy as above outlined.

The road improvement district was organized under an act of the Arkansas Legislature, designating commissioners to have charge of the proposed improvement, which was to be assessed and paid for upon the basis of benefits to the real property of the district, and having for its general purpose the construction of a highway across the county of Franklin, shown to be part of a general plan of connecting the cities of Ft. Smith and Little Rock in that state. While the highway does not exactly parallel the railroad, as the railroad follows more directly the course of the Arkansas river, both highway and railroad follow the same general direction through the county, for a distance of some 25 or 30 miles. The evidence shows that the commissioners, with the aid of assessors, made the assessment within the district for the highway improvement which was originally to cost the sum of $230,000. The amount assessed against the railroad property was first a little in ex-

cess of $54,000, and when it was found that sufficient would not be raised by the first assessment to complete the highway, an additional assessment of approximately 40 per cent. was levied, making the railroad's entire share of the assessment approximately $75,000. Appropriate steps were taken by the railroad company in the courts to combat the assessment within the time fixed by the act of the Legislature. The state Legislature subsequently passed an act attempting to confirm the assessments as originally made against the property of the railroad company and others, and by a still later act attempted to confirm the additional assessment. After the controversy had arisen, an attempt was made by the railroad company and the commissioners to compromise by suggesting an assessment of $250 a mile instead of approximately $2,300 a mile carried by the original assessment, but such compromise was never effected, apparently on account of some of the interested parties on the part of the district not being willing to accept it.

The evidence taken upon the hearing tends to show that while the assessment against the real property in the created district was upon an acreage value within certain designated distances from the highway, that the basis used for the assessment against the railroad was a mileage basis, or that used for general taxation purposes and which under the state system of taxation includes a certain portion of personal property. While those who had made the assessment, by their testimony, attempted to show that they had considered the benefits which would accrue to the railroad on account of the highway improvement, no particular basis for arriving at the benefit was shown to have been adopted other than a mere arbitrary opinion of the assessors that it would be beneficial, and retaining solely as the basis of the assessment the mileage of the railroad within the improved district. Numerous witnesses were introduced who testified to the fact that instead of the highway being a benefit to the railroad it would be a detriment owing to the increased motor traffic which would create an intensive competition over short hauls. Evidence was introduced through one witness on behalf of the road improvement district by which it was attempted to show that good highways would generally stimulate the traffic of a railroad, but in addition to this witness being somewhat repudiated, the evidence generally tends to show that while highways as feeders may be beneficial to railroads, yet those paralleling them cannot be considered as tending to stimulate railroad traffic, but have the contrary effect.

[1] Inasmuch as the assessment contemplated by the act was to be upon the basis of benefits realized from the proposed improvement, the strong showing by the evidence that the highway improvement would be a detriment rather than a benefit to the railroad company, and that any benefit accruing to the railroad would be so speculative as to be unascertainable, we are of the opinion that the trial court must be sustained.

The circumstances of this case seem to be fully and adequately covered by the language of the Supreme Court in the case of Kansas City So. Ry. v. Road Imp. Dist. No. 6, 256 U. S. 658, at page 660 (41 S. Ct. 604, 605, 65 L. Ed. 1151) :

"The statute under consideration prescribes no definite standard for determining benefits from proposed improvements. The assessors made estimates as to farm lands and town lots according to area and position and wholly without regard to their value, improvements thereon, or their present or prospective use. On the other hand, disregarding both area and position, they undertook to estimate benefits to the property of plaintiffs in error without disclosing any basis therefor, but apparently according to some vague speculation as to present worth and possible future increased receipts from freight and passengers which would enhance its value, considered as a component part of the system.

"Obviously, the railroad companies have not been treated like individual owners, and we think the discrimination so palpable and arbitrary as to amount to a denial of the equal protection of the law. Benefits from local improvements must be estimated upon contiguous property according to some standard which will probably produce approximately correct general results. To say that 9.7 miles of railroad in a purely farming section, treated as an aliquot part of the whole system, will receive benefits amounting to $67,900 from the construction of 11.2 miles of gravel road seems wholly improbable, if not impossible. Classification, of course, is permissible, but we can find no adequate reason for what has been attempted in the present case. Royster Guano Co. v. Virginia, 253 U. S. 412, 415. It is doubtful whether any very substantial appreciation in value of the railroad property within the district will result from the improvements; and very clearly it cannot

be taxed upon some fanciful view of future earnings and distributed values, while all other property is assessed solely according to area and position. Railroad property may not be burdened for local improvements upon a basis so wholly different from that used for ascertaining the contribution demanded of individual owners as necessarily to produce manifest inequality. Equal protection of the law must be extended to all."

The highest court of the state of Arkansas has spoken through the case of Board of Improvement v. Pollard, 98 Ark. 543, at page 549 (136 S. W. 957, 959) to the effect that the benefits must be special and peculiar and if there are no special and peculiar benefits the assessments cannot be made.

Neither can the plaintiff in error rely upon the contention that the temporary benefit to the railroad afforded on account of additional traffic incident to the building of the highway should be considered. Sebastian Bridge Dist. v. Missouri Pac. R. Co. (C. C. A.) 292 F. 345.

[2] The plaintiff in error again contends that the acts of the Legislature in attempting to confirm and validate the assessments place the matter beyond the control of the courts. But this rule does not apply where the assessment is arbitrary, unwarranted and reflects a confiscation of the property, as the trial court found from the evidence to be the case here. Branson v. Bush, 251 U. S. 182, 40 S. Ct. 113, 64 L. Ed. 215; Milheim v. Moffat Tunnel Improvement District, 262 U. S. 710, 43 S. Ct. 694, 67 L. Ed. 1194.

This court, in the case of Thomas v. Kansas City Southern Ry. Co., 277 F. 708, uses the following language at page 711:

"While the Legislature has a wide discretion in declaring both the existence of benefits and the amount thereof, yet that discretion is not limitless nor irrestrainable by the courts."

[3] There is no merit in the contention of plaintiff in error that the court should have ratified and approved an attempt to compromise, which compromise in fact was not effected prior to the institution of the suit.

[4] The trial court sitting as a chancellor in this case has heard the conflicting evidence and made his finding thereon, which is presumptively correct, unless there is made to appear an obvious error of law or a serious mistake of fact. Road Improvement Dist No. 2 v. Missouri Pac. R.

Co. (C. C. A.) 275 F. 600, and cases there cited.

For the reasons stated, the decision of the trial court will be and is affirmed.