## BROWNING et al. v. HOOPER et al.

(District Court, N. D. Texas, at Dallas. December 31, 1924.)

No. 161.

**I. Highways ⬅90—Road district held created by legislative act; "defined district."**

Under Complete Tex. St. 1920, arts. 627–641, providing that any county, "or any political subdivision or defined district," may issue bonds for road building purposes, a district composed of two precincts of a county, which are recognized political subdivisions, *held* a "defined district" within the statute.

**2. Taxation ⬅22—Benefit is presumed from a general tax for public purpose.**

Benefit is presumed from a general tax for a public purpose, and it is not invalid because a particular taxpayer may not receive any benefit therefrom.

**3. Constitutional law ⬅290(I)—Highways ⬅121—Legislature may determine benefits from construction of public road, and determination not violative of due process unless palpably arbitrary.**

Where the state Constitution is not an obstacle, the Legislature of a state may provide that the cost of a public improvement, such as a public road, shall be distributed over the lands particularly benefited, and may itself determine what lands will be benefited, and such action is not violative of the due process clause of the Fourteenth Amendment unless it is palpably arbitrary and a plain abuse of power.

**4. Counties ⬅174—Highways ⬅90—Texas statute authorizing issuance of bonds by counties and road districts held constitutional and valid.**

Complete Tex. St. 1920, arts. 627–641, authorized by Const. Tex. art. 3, § 52, providing for the issuance of bonds by counties and road districts for the construction of roads and the levy and collection of taxes on the land within the county or district to pay the interest on and create a sinking fund for the redemption of the bonds, is an enactment for the exercise of the taxing power for a general public purpose, as distinguished from the making of special assessments of benefits for a local improvement, and is not invalid because it does not provide for hearings on the question of benefits.

In Equity. Suit by Perry Browning and others against E. M. Hooper and others for injunction. Bill dismissed.

Final hearing to enjoin officers of Archer county from levying, assessing, and collecting taxes for the year 1924 for the completion of a highway in that county, on the ground that the state statute under which the tax was levied is unconstitutional.

Watkins & Walsh, of Wichita Falls, Tex., for plaintiffs.

W. A. Keeling, Atty. Gen., of Texas, Frank M. Kemp and C. F. Gibson, Asst. Attys. Gen., of Texas, and John R. Moore and W. E. Forgy, both of Archer City, Tex., for defendants.

ATWELL, District Judge. Plaintiffs reside in Wichita county, Tex., and complain of the county commissioners' court of Archer county, Tex., and of the tax assessor and tax collector of that county. They allege: That the commissioners' court, acting upon a petition of .74 resident taxpaying voters, created road district No. 2 of Archer county, which comprises, approximately, the north half of the county and includes property owned by the plaintiffs. That said court called an election to be held in that district for the purpose of determining whether 5 per cent. interest-bearing bonds, in the sum of $300,000, should be issued, and whether a tax should be levied annually upon all of the property in said district for the purpose of creating a sufficient sinking fund for such bonds. That an election was held at which 303 votes were polled for such proposition and 102 against. That appropriate orders for levying, assessing, and collecting the ad valorem tax were issued. That such tax for the year 1924 was fixed. That the property owned by the plaintiffs lies along the east side of Archer county, and would not be benefited by the proposed roads. That the building thereof would make it impossible, legally, for 30 years, for the plaintiffs to have created any other road district which would afford them benefit or relief, and that they would be compelled to pay taxes for the construction, maintenance, and operation of the system of roads adopted by the officers of Archer county when they were not receiving any benefit therefrom. That the property owners of the district were afforded no hearing upon the question of benefit. That the road district was created in pursuance of a conspiracy between defendants, excepting one, against the plaintiffs. That the creation of such district, and the election thereon, and the subsequent proceedings for taxation, were had under authority of section 52 of article 3 of the Constitution of Texas, and under the provisions of articles 627 to 641, inclusive, Vernon's Texas Statutes 1920. That section 637d thereof provides that when a defined road district has been established and bonds issued no defined road district shall thereafter be created or established overlapping same or embracing any part thereof while any of the original bonds are outstanding and unpaid. That the statute and proceedings and the tax levied in pursuance thereof are violative of the Fourteenth Amendment, and of article

3, § 53, of the Constitution of Texas, in that the plaintiffs' property was arbitrarily and capriciously included in said district; and in that no notice was given to the plaintiffs of an opportunity to be heard upon, the question of benefit to their property; and in that the tax levied upon the plaintiffs was entirely disproportionate to the benefit. That the amount involved is approximately $40,000. Temporary and permanent injunctions are prayed.

The defendants answered denying a violation of the Fourteenth Amendment, and denied that there was any conspiracy.

No temporary injunction was sought, but all parties proceeded to take testimony, and the case is before me for a final hearing, which in this character of a suit may be had before one judge, even though, had a temporary injunction been pressed, it would have been necessary to have had such hearing before three judges.

The testimony presented by the record fairly supports the allegations of fact made by the plaintiff, except in so far as the conspiracy is concerned. As to that it may be assumed that the defendants sought to create such a district as would result in the present condition.

1. The plaintiffs claim that the cause is ruled by that line of decisions which do not permit the collection of a tax for a certain sort of improvement unless there is a direct benefit shown to the property against which the levy is made.

The defendants maintain that the case comes within those decisions and principles which authorize taxation upon the theory of a general theoretical benefit regardless of benefits which may be immediately figured.

The statute that is challenged is as follows:

*"Power to Issue Road, etc., Bonds and Levy Tax for Interest and Sinking Fund.—* Any county in this state, or any political subdivision or defined district, now or hereafter to be described and defined, of a county, is hereby authorized and empowered to issue bonds, or otherwise lend its credit, in in any amount not to exceed one-fourth of the assessed valuation of the real property of such county, or political subdivision, or defined district thereof, and to levy and collect such taxes to pay the interest upon such bonds and provide a sinking fund for the redemption thereof, for the purpose of constructing and maintaining and operating macadamized, graveled or paved roads and turnpikes, or in aid thereof. (Acts 1909,

3 F.(2d)—11

p. 186; Acts 1907, p. 251; Acts 1909, S. S. p. 271.)"

This legislation was authorized in a constitutional amendment adopted by the people of Texas.

The foregoing statute, and the statutes authorizing the entire procedure, show that there is no machinery for a hearing and a determination of the question of benefits to the property comprised within the proposed district. There is no machinery for the fixing of the bounds of the proposed district.

If the taxes in question are what we call "local assessments," or "special taxes," then, and, in that event, it is imperative that an opportunity to be heard before some board, some tribunal, some determining authority, shall be granted. Turner v. Wade, 254 U. S. 64, 41 S. Ct. 27, 65 L. Ed. 134; Londoner v. Denver, 210 U. S. 373, 28 S. Ct. 708, 52 L. Ed. 1103; Embree v. Kansas, 240 U. S. 242, 36 S. Ct. 317, 60 L. Ed. 624; Norwood v. Baker, 172 U. S. 269, 19 S. Ct. 187, 43 L. Ed. 443; French v. Barber Asphalt Co., 181 U. S. 324, 21 S. Ct. 625, 45 L. Ed. 879; Wight v. Davidson, 181 U. S. 371, 21 S. Ct. 616, 45 L. Ed. 900; Fallbrook Irrigation District v. Bradley, 164 U. S. 112, 17 S. Ct. 56, 41 L. Ed. 369; Spencer v. Merchant, 125 U. S. 345, 8 S. Ct. 921, 31 L. Ed. 763; Hagar v. Reclamation District, 111 U. S. 701, 4 S. Ct. 663, 28 L. Ed. 569; Paulsen v. Portland, 149 U. S. 30, 13 S. Ct. 750, 37 L. Ed. 637; King v. Portland, 184 U. S. 61, 22 S. Ct. 290, 46 L. Ed. 431.

The same cases sustain the proposition that when a taxing district for local improvements is not created by the Legislature there must be a determination by some responsible, disinterested board or municipality, under rules prescribed by the Legislature.

[1] I believe that the act of the Legislature itself created the district and fixed the tax. It provides that any county, or "any political subdivision," or "defined district, * * * is hereby authorized and empowered to issue bonds." Certainly any county would not be challenged. The facts show that the road district in dispute was composed of two of the precincts of Archer county—"political subdivisions" of the county well recognized and ascertained long before the controversy. The tax rate fixed in the act is "in any amount not to exceed one-fourth of the assessed valuation of the real property of such 'county,' or 'political subdivision,' or 'defined district,' thereof." The sole question then is whether the rule announced in the foregoing cases is,

applicable here. If the building of roads is of general benefit (the fruit of general taxation), rather than of "local assessments," or "special taxes," no determination of benefit was necessary, because the people, in the Constitution, and in their legislative wisdom, had already declared such benefit. It may be said to be conceded by legal reasoners that special assessments for local improvements, even though referable to the taxing power, are not taxes for public purposes, or taxes at all, within the purview and sense of the constitutional provision. They are burdens that the particular community of voters assume, that they, in direct turn, may be benefited in personal comfort or increased property value. Such benefits are demonstrable. They may be photographed. They are not "guessed" into existence. They must be shown. Hearings are provided, and graduation of the tax is frequent.

The recent case of Kansas Southern v. Road Improvement District, 45 S. Ct. 136, 69 L. Ed. ——, by the United States Supreme Court, December 15, 1924, was in this class, until the Legislature, by special act, recognized the creation and boundary of the districts that were there in dispute and approved the plans and confirmed the assessments. That act may be said to have removed the improvement from the local class to the general class. And if that was not the effect of the legislative approval, then the act of the Legislature may be said to have finally determined the benefits, behind which action the courts would not go, unless the action was manifestly unreasonable and discriminative.

[2] Not so with a general tax. Benefit is presumed. People without children pay school tax that other children may go to school. People without means of locomotion pay a road tax and a street tax that other people may ride on the road and on the street. Such taxes are a part of civilization's toll. It is sometimes difficult to trace the line of difference between the two sorts of taxes, especially when one seeks to review the cases where such questions have been adjudicated.

[3] Where the state Constitution is not an obstacle, the Legislature of a state may provide that the cost of a local public improvement, such as a public road, shall be distributed over the lands particularly benefited and may, itself, determine what lands will be benefited, and therefore what proportion of the tax shall be paid. Such action will not be disturbed unless it is pal-

pably arbitrary and a plain abuse of power, for if such it would run counter to the Fourteenth Amendment. Kansas Southern v. Road Improvement District, supra.

In Missouri Pacific v. West Crawford Road Improvement District, 45 S. Ct. 31, 69 L. Ed. ——, the Supreme Court, November 17, 1924, following out this line of thought, determined that the Fourteenth Amendment is not violated by levying the cost of preliminary inquiry into whether a road improvement should be made in a certain district on property therein according to its value, though such tax would exceed any benefits that would have been received by making the improvement, and though the road project is abandoned; adding, that there must be a flagrant abuse, or purely arbitrary exercise, of the taxing power by state authorities before it will be held that the due process of law clause of the Constitution is violated.

It may be conceded that a legislative act which provides for the levy of taxes for local improvements, according to the value of the property affected, is not arbitrary. Mattingly v. District Court of Columbia, 97 U. S. 687, 24 L. Ed. 1098; Fallbrook Irrigation District v. Bradley, 164 U. S. 176, 17 S. Ct. 56, 41 L. Ed. 369; Bauman v. Ross, 167 U. S. 548, 17 S. Ct. 966, 42 L. Ed. 270; Webster v. Fargo, 181 U. S. 394, 21 S. Ct. 623, 45 L. Ed. 912; Houck v. Little River District, 239 U. S. 254, 36 S. Ct. 58, 60 L. Ed. 266. See, also, Road Imp. Dist. v. Missouri Pac. Ry. Co. (C. C. A.) 2 F.(2d) 340; House v. Road Imp. Districts No. 2 and No. 5, Ark., 266 U. S. 175, 45. S. Ct. 60, 69 L. Ed. ——. A federal court will appoint a receiver to levy and collect taxes so levied. Guardian Savings & Trust Co. v. Road Imp. Dist. No. 7, Ark., 45 S. Ct. 201, 69 L. Ed. ——.

The levee district law of the state of Texas has been upheld by the appellate courts of Texas, by the same reasoning. Dallas County Levee District v. Looney, 109 Tex. 326, 207 S. W. 310; Holt v. State (Tex. Civ. App.) 176 S. W. 743; David v. Timon (Tex. Civ. App.) 183 S. W. 88; Ogburn v. Barstow (Tex. Civ. App.) 230 S. W. 1036; Wharton v. Higbee (Tex. Civ. App.) 149 S. W. 381; T. & P. R. Co. v. Ward, 112 Tex. 593, 251 S. W. 212.

But the statute under consideration cannot be defended upon the ground that there was any consideration by the local officers of the benefits to be derived from it by the taxpayers. There was no hearing to determine such matter and the record in this

case discloses an utter lack of such consideration. The statute must therefore be upheld, if at all, as general taxation, as distinguished from local taxation or special assessments. That this difference is well marked will be found in a study of McQuillin on Municipal Corporations, vol. 8; Eubank v. Fort Worth (Tex. Civ. App.) 173 S. W. 1003; Ranney v. Cape Girardeau, 255 Mo. 514, 164 S. W. 582; City of Perry v. Davis & Younger, 18 Okl. 427, 90 P. 871; Fallbrook v. Bradley, 164 U. S. 176, 17 S. Ct. 56, 41 L. Ed. 369 (case where a hearing was provided); Kelly v. Pittsburgh, 104 U. S. 78, 26 L. Ed. 658 (general system of taxation is "due process"); Wight v. Police Jury (C. C. A.) 264 F. 705.

[4] The Legislature considered—the people decided—that a road was a general benefit. We must concede that the people and the Legislature both knew that the building of a county road through the middle of the county would not, directly, affect (benefit) alike, all of the property in that county. Yet all property was taxed alike. May we say that the Legislature was wrong, was arbitrary, was confiscatory?

May we say that what was done in the instant case was "palpably arbitrary and a plain abuse"? I think not.

The case of Wight v. Police Jury, cited above, by the Circuit Court of Appeals for the Fifth Circuit, is almost identical with the case here. The police jury, under constitutional permission, fixed the road districts. There was no hearing. A master found that the road would injure the railroad, whose property was made the center of, and ran the entire length of, the district. The court held that there was no denying of due process, and that the construction of the road was for the general good, and the expense could be met by a general tax, and that the fact that some persons may pay small taxes and receive great benefit, and others pay large taxes and receive limited benefit, is not such an inequality as will authorize a constitutional cognizance.

The people of Texas adopted the constitutional provision authorizing the procedure that was followed in this case. The road district was created in accordance with the act of the Legislature under such constitutional amendment. The voters carried the election for such improvement, and the tax was levied upon all property in that district exactly alike.

The injunction is denied and the bill is dismissed.

Order will be drawn accordingly.